Rodney E. ARNETT, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 93–4160–SAC.

United States District Court,
D. Kansas.

Feb. 18, 1994.

Justice B. King, Fisher, Patterson, Sayler & Smith, Topeka, KS, for plaintiff.

James J. Long, Office of Sp. Litigation Tax Div., Washington, DC, for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

On July 26, 1993, Rodney E. Arnett filed his complaint against the Internal Revenue Service. In that complaint, Arnett alleges that on February 26, 1991, he received a letter from the defendant proposing to assess a penalty against him under 26 U.S.C. § 6672,[1] "resulting from withholding taxes for a company known as TSP, Inc." Upon receipt of the letter, Arnett, by letter dated March 26, 1991, disputed the assessment, arguing that he was not a person required to collect, account for, or pay over taxes for TSP, Inc.

According to Arnett's complaint, notwithstanding his protestations, the IRS imposed its proposed penalty of $21,590.72. During the following months, Arnett claims that he exhaustively pursued his positions with the IRS, at all times arguing and demonstrating that he was not a "responsible person" within the meaning of § 6672. Arnett and his attorney continued to present uncontroverted evidence to the IRS that he should not be assessed the penalty. Despite this ongoing dispute, the IRS withheld Arnett's 1990

Form 1040 overpayment in the amount of $1,506.19 and applied it as partial payment of the assessment.

Arnett's protest was ultimately denied by Robert J. Davis, Associate Chief, Kansas City Appeals Office, and the one hundred percent penalty was sustained.

Despite the ongoing dispute, the IRS issued Arnett a Notice of Intent to Levy dated May 10, 1993, in the amount of $23,860.67, based upon the "erroneous" 1991 assessment plus interest. In spite of Arnett's notification to the IRS that the assessment was in error, the IRS proceeded against his bank account with the Commerce Bank and Trust in Topeka, Kansas, and attached the amount of $3,221.38.

Arnett contends that the defendant's actions constitute reckless and intentional disregard of the Internal Revenue Service. Under 26 U.S.C. § 7433, Arnett seeks to recover his direct economic damages sustained as a result of the defendant's reckless and intentional actions, and his costs in this matter, including reasonable attorneys fees (under 26 U.S.C. § 7430). Arnett's complaint also seeks "an order enjoining any further collection action pursuant to the April 1991, § 6672 assessment against him by the defendant." Arnett also seeks an immediate refund of the applied 1990 tax overpayment of $1,506.19 and of the $3,221.38 levied upon by the IRS at Arnett's bank.

This case comes before the court upon the United States' "Motion to Dismiss or, Alternatively, Summary Judgment." Under Fed. R.Civ.P. 12(b)(1), the United States seeks to dismiss Arnett's complaint for lack of jurisdiction. Specifically, the government argues that Arnett has (1) failed to file a claim for refund pursuant to 26 U.S.C. § 7422(a); and (2) failed to file an administrative claim pursuant to 26 U.S.C. § 7433. Under Fed. R.Civ.P. 12(b)(5), the government seeks to dismiss for lack of proper service on the United States Attorney in accordance with Fed.R.Civ.P. 4(d)(4). Under Fed.R.Civ.P. 12(b)(6), the United States seeks to dismiss

---

1. "Section 6672 imposes liability for unpaid federal withholding taxes on corporate personnel who (1) have the corporate responsibility to collect, truthfully account for, and pay over the taxes; and (2) willfully fail to do so." *Barton v. United States*, 988 F.2d 58, 59 (8th Cir.1993).

the portion of Arnett's complaint seeking certain injunctive relief; the government argues that this relief is barred by 26 U.S.C. § 7421, commonly referred to as the Anti–Injunction Act. In support of the government's motion, it submits four statements of material facts not in dispute.

Arnett has filed a response to the government's motion. Arnett contests three of the government's statements of fact and submits nine additional uncontroverted facts.

The government has filed a reply to Arnett's response. Arnett, without seeking leave of the court, has filed a surreply.

The court, having considered the court file, the briefs of counsel, and the applicable law, is now prepared to rule.

## Preliminary Issues

### Is the IRS the Proper Defendant?

■ In a footnote to the United States' motion to dismiss, or alternatively, summary judgment, it argues that the Internal Revenue Service is an improper defendant. "Naming the Internal Revenue Service is improper because the IRS is not a suable entity. An agency of the United States may not be sued *eo nomine*, absent the express consent of Congress." Apparently in response, Arnett argues that his "complaint clearly sets out that representatives of the IRS have recklessly and intentionally disregarded provisions of the Internal Revenue Code." Arnett argues that his complaint falls squarely under the consent to suit found in 26 U.S.C. § 7433(a), "which consent clearly establishes the jurisdiction of this District Court."

Arnett's arguments do not directly respond to the defendant's contention that the IRS is not a suable entity. In *Gonsalves v. United States*, 782 F.Supp. 164 (D.Me.), *aff'd*, 975 F.2d 13 (1st Cir.1992), the plaintiff "improperly named the IRS as Defendant." 782 F.Supp. at 166, n. 1. To correct this error, the court simply "restyled the case to reflect the proper party-defendant." Instead of naming the IRS as the defendant, the case caption named the United States of America as the defendant.

In the case at bar, the court has restyled the case caption to name the United States of America as the defendant. Any objection to this change in the caption shall be filed within. five days of the date of this order. The parties shall utilize this caption in all subsequent pleadings.

## Has the United States Been Properly Served?

■ The United States argues that Arnett has failed to serve the United States Attorney in accordance with Fed.R.Civ.P. 4(d)(4). Arnett responds that this contention by the United States is moot, as personal service was obtained by delivering a copy of the Summons and the Complaint to the United States Attorney for the District of Kansas on October 14, 1993, which was "well within the '120 days after the filing of the Complaint' which is allowed pursuant to Rule 4(j) of the Federal Rules of Civil Procedure." A copy of the summons served, which reflects a Return of Service Declaration on the reverse side, is attached to Arnett's brief.

The United States did not reply to this response. It appears that Arnett has achieved proper service on the defendant; the defendant's motion to dismiss based upon lack of service is denied as moot.

## Sovereign Immunity

"Under settled principles of sovereign immunity, 'the United States, as sovereign, "is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit." ' " *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. at 1361, 1368, 108 L.Ed.2d 548 (1990) (quoting *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941))).

### Did Arnett File a Refund Claim as Required by 26 U.S.C. § 7422?

The United States argues that Arnett's claim for a refund must be dismissed because he has failed to file a claim for a refund pursuant to 26 U.S.C. § 7422. In support of this argument, the United States submits the Declaration of James L. Long, the trial attorney representing the government. Long de-

clares that, having reviewed the administrative files in this case, no claim for refund appears.

Arnett responds that Long's declaration is incorrect, as Arnett has filed a claim for refund with the Internal Revenue Service pursuant to 26 U.S.C. § 7422(a). Arnett contends that the IRS' failure to maintain complete records "does not change the fact that said claim refund was filed, on August 20, 1993." Arnett's brief also states:

Further, it should be noted that over the many months of administrative dispute procedures in which plaintiff engaged with the IRS prior to the filing of suit, all of which is detailed in the Complaint, plaintiff had already made claim for a refund of $1,501.00 that had been withheld from him. Although said Request for Refund for that amount was not formalized in a Form 843 until August, 1993, plaintiff did make every effort to exhaust his administrative remedies prior to the filing of suit.

Arnett's Responsive Brief, at page 8.

The United States replies, arguing that under § 7422(a), Arnett was required to file his claim *prior* to instituting this suit against the United States. The government argues that due to Arnett's failure to file his claim for a refund prior to commencing this lawsuit, this court lacks jurisdiction over Arnett's refund claim.

In his surreply, Arnett argues that under the authority cited by the United States, " '[sovereign] immunity is waived only where a claim for refund or administrative claim has been filed with Internal Revenue Service pursuant to 26 U.S.C. § 7422(a) and 7433(d)' (emphasis added)." Arnett argues that "by defendant's authority, one or the other is enough to maintain suit, and defendant [sic] has filed both claim for refund and an administrative claim, with the latter having been filed, exhaustively pursued, and denied, all prior to the filing of this action."

Section 7422(a) of the Internal Revenue Code provides:

### Civil actions for refund.

(a) **No suit prior to filing claim for refund.** No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

"Filing a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit." *Angle v. United States,* 996 F.2d 252, 253 (10th Cir.1993) (citing *Dalm,* 494 U.S. at 601–02, 110 S.Ct. at 1364–65). "The purpose of this requirement is to afford the IRS an opportunity to consider and dispose of claims without the expense and time required if each claim were to be litigated." *Fullmer v. United States,* No. 93–CV–0120–B, 1993 WL 534221, at *2, 1993 U.S.Dist. LEXIS 18436, at *5 (D. Wyoming October 1, 1993) (citing *Herrington v. United States,* 416 F.2d 1029, 1032 (10th Cir.1969)).

Based upon the substance of the United States' motion, the court denies the United States' request to dismiss Arnett's refund claim. The United States' motion to dismiss Arnett's refund claim is ill-premised factually. The United States' motion argues that Arnett filed no refund claim as no claim was found in the IRS file. Based upon Arnett's response, it is clear that he believes that he has exhausted his administrative remedies, and that he has in fact filed a refund claim, albeit after commencing this suit. The government's reply brief does partially address Arnett's responsive brief, but fails to fully address Arnett's claim that he has filed an informal claim satisfying the requirements of § 7422(a).

Notwithstanding the court's denial of the United States' motion to dismiss Arnett's refund claim, the court is concerned about whether this court has jurisdiction to consider Arnett's refund claim.[2] Arnett appears to

---

**2.** The court notes that numerous cases dispose of taxpayer's claims for refunds for failure to file a

claim for refund prior to filing suit. However, in several of those cases dismissing refund claims

argue (1) that his August 23, 1993, claim, filed after this suit commenced, establishes jurisdiction for his refund claim; and (2) that in any event, he has, in fact informally satisfied this requirement by exhaustively pursuing his administrative remedies with the IRS. The court will discuss each of these contentions.

■ As to Arnett's first argument, the case law appears to be clear that a taxpayer may not bring a refund suit against the United States unless the taxpayer has filed a claim for refund prior to filing suit. *See, e.g., Beckwith Realty, Inc. v. United States,* 896 F.2d 860 (4th Cir.1990); *Hurt v. United States,* No. 2:93–0019, 1993 WL 475533, 1993 U.S.Dist. LEXIS 16344 (S.D.W.Va. August 18, 1993); *Heyen v. United States,* No. 89–1319–C, 1989 WL 134923, 1989 U.S.Dist. LEXIS 12996 (D.Kan. October 24, 1989). This proposition is not particularly surprising in that it is explicitly required by § 7422(a). Arnett has not directed the court to any authority indicating that a refund claim filed after commencing suit satisfies § 7422(a).

■ As to Arnett's second argument, the court is aware of cases discussing the proposition that an "informal claim for refund may be valid if it is clear and explicit in alerting the IRS of the refund that is sought." *Fullmer,* 1993 WL 534221, at *4, n. 1, 1993 U.S.Dist. LEXIS 18436, at *6, n. 1. (citations omitted). While it is clear from Arnett's brief that he believes that he has exhausted his administrative remedies and that he has filed a refund claim prior to commencing this suit, he has failed to support that argument with a complete description of those steps he has taken. Arnett has supplied the court with copies of certain correspondence sent to and received from the IRS. However, it does not appear that Arnett has supplied the court with all of the correspondence exchanged between the parties prior to the time this case was commenced,[3] nor has he supplied the court with information upon which the court may rely to determine whether he has in fact filed a claim. The arguments of counsel contained in Arnett's response and surreply brief are not supported by affidavit, nor do those arguments specifically detail the steps Arnett has taken in presenting his refund claim.

In light of these concerns, the court orders the following:[4]

Within 20 days of the date this order is filed, Arnett shall file a memorandum setting forth, in detail, the factual and legal basis of his contention that he has filed a refund claim and exhausted his administrative remedies prior to commencing this suit.

Within 20 days of the date Arnett files his memorandum as required by this order, the United States shall file a response to the factual and legal arguments advanced in Arnett's memorandum.

Within 10 days of the date the United States' files its response, Arnett may file a reply brief.

All facts presented in response to this memorandum and order shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories and responses to requests for admissions. Affidavits or declarations shall be made on personal knowledge and by a person competent to testify to the facts stated which shall be admissible in evidence. Where facts referred to in an affidavit or declaration are contained in another document, such as a

---

there is absolutely no allegation by the plaintiff that he or she has filed a claim for refund prior to filing suit in federal court. In the case at bar, Arnett specifically argues that he has filed a refund claim prior to filing this suit in federal court.

3. In his response brief, Arnett refers to the documents attached to the brief as "some" of the documentation which he has provided the IRS over the many months of his dispute.

4. The court believes that this is an appropriate procedure for determining whether the court has

jurisdiction to consider Arnett's claim for a refund as well as his claim for damages. It is obviously beneficial not only to the parties, but to the court, to determine early in this case whether the court has jurisdiction to consider either or both of these claims. Moreover, the court must dismiss claims over which it has no jurisdiction. *See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

deposition, interrogatory answer, or admission, a copy of the relevant excerpt from the document shall be attached. *See* D.Kan.Rule 206(c).

## Did Arnett File an Administrative claim for Damages as Required by 26 U.S.C. § 7433(d)(1)?

The United States argues that Arnett's damage claim must be dismissed for failure to file an administrative claim for damages 26 U.S.C. § 7433(d)(1). The United States argues that because Arnett has failed to file an administrative claim, this court lacks jurisdiction to consider his damage claim. In support of this argument, Long declares that he is unable to locate an administrative claim filed by Arnett.

Arnett responds that he has in fact filed an administrative claim pursuant to § 7433(d)(1). Arnett has submitted a copy of the administrative claim that he submitted to the District Director of the IRS on March 26, 1991. Arnett contends that the letter he submitted "meticulously complies" with each and every element required by Treasury Regulation § 301.7433–1(3), which lists certain elements that must be present for a claim to be sufficient.

Arnett further argues that "he not only made the written administrative claim represented [by the copy of March 26, 1991, letter to the District Director], but requested an immediate hearing on the matter and followed up with months of administrative dispute procedures. Plaintiff and his counsel held discussion and exchanged correspondence for over two years prior to plaintiff's filing of this action." "It could not be more obvious that plaintiff's administrative remedies, in the face of such blatant disregard by the IRS for plaintiff's efforts to follow procedures, have been exhausted. Despite all of plaintiff's attempts to follow statutes and regulations in meticulous detail, he continued to suffer financial damages in greater and greater amounts."

In its reply brief, the United States argues that Arnett's "March 26, 1991, letter was merely a written protest to the Government [sic] proposed assessment, and a request for a hearing." The United States also argues that Arnett's March 26, 1991, letter was mailed to the IRS *prior* to the IRS' assessment of the § 6672 penalty. The United States also argues that at the time Arnett wrote his March 26, 1991, letter, he "could not provide a description of his injuries or the dollar amount of his claim."

Arnett responds, arguing that his March 26, 1991, letter meets all of the requirements of 26 U.S.C. § 7433(d)(1) and Treas.Reg. § 301.7433–1(e). "Arnett contends that the regulation specifically allows claims for those injuries incurred by the taxpayer and the dollar amount of the claim, including any damages that have not yet incurred but which are reasonably foreseeable." In regard to the dollar amount of his claim, Arnett contends that he detailed the amount of the assessment proposed against him, and its source, and set out in detail a description of the "damages that have not yet been incurred but which are reasonably foreseeable."

Apparently in response to the United States' argument that his March 26, 1991, letter filed before he was assessed the penalty, Arnett once again describes the efforts he subsequently undertook to resolve this dispute administratively.

Section 7433 provides:

### Civil damages for certain unauthorized collection actions.

(a) **In general.** If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

(b) **Damages.** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $100,000 or the sum of—

(1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional actions of the officer or employee, and

(2) the costs of the action.

*See* 26 C.F.R. § 301.7433–1(e). "Section 7433 permits a taxpayer to bring a civil cause of action for damages in federal court against an officer or employee of the IRS who recklessly or intentionally disregards and [sic] provision of Title 26 or any regulation promulgated under Title 26." *Hearne v. United States*, No. A–92–CA–090 SS, 1993 WL 266945, at *7, 1993 U.S.Dist. LEXIS 6900, at *21 (W.D. Texas April 30, 1993). "The taxpayer must however exhaust the administrative remedies available to him with the IRS before filing suit." *Id.*

Based upon the substance of the United States' motion, the court denies the United States' request to dismiss Arnett's claim for damages under § 7433. Like the government's motion to dismiss Arnett's refund claim, it was not until the reply brief that the United States advanced its primary arguments.

■ Notwithstanding this ruling, the court is concerned about whether it has jurisdiction to consider Arnett's damage claim. Arnett primarily relies on the March 26, 1991, letter as proof that he has filed an administrative claim for damages. However, Arnett's briefs refer to several other events which he claims further demonstrate that he has filed an administrative claim for damages and that he has exhausted his administrative remedies. While described in Arnett's brief, these events are, in part, not based on actual exhibits, nor are there any affidavits supporting those factual allegations.

In order to determine whether this court has jurisdiction to consider Arnett's damage claim, it is necessary for the court to have a complete understanding of the facts and applicable law. The court therefore orders the following:

Within 20 days of the date this order is filed, Arnett shall file a memorandum setting forth, in detail, the factual and legal basis of his contention that he has filed claim for damages and has exhausted his administrative remedies prior to commencing this suit.

Within 20 days of the date Arnett files his memorandum as required by this order, the United States shall file a response to the factual and legal arguments advanced in Arnett's memorandum.

Within 10 days of the date the United States' files its response, Arnett may file a reply brief.

All facts presented in response to this memorandum and order shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories and responses to requests for admissions. Affidavits or declarations shall be made on personal knowledge and by a person competent to testify to the facts stated which shall be admissible in evidence. Where facts referred to in an affidavit or declaration are contained in another document, such as a deposition, interrogatory answer, or admission, a copy of the relevant excerpt from the document shall be attached. *See* D.Kan.Rule 206(c).

## Arnett's Request for Injunctive Relief

The United States claims that Arnett's request for injunctive relief is barred by 26 U.S.C. § 7421, commonly referred to as the Anti–Injunction Act. Although not conceding that the Anti–Injunction Act would operate to bar the injunctive relief his complaint seeks, Arnett contends that his request for injunctive relief "is now moot since defendant has voluntarily lifted its levy and postponed enforcement pursuant to its own policies, until the outcome of plaintiff's refund claim. *See* Release of levy, dated September 29, 1993, attached as Exhibit N." The United States did not directly respond to Arnett's contention that this issue is moot in its reply brief.

In light of the position taken by Arnett it is unnecessary, at least at this juncture, for the court to determine whether the Anti–Injunction Statute would preclude the injunctive relief originally sought by Arnett in his complaint.

The United States' request to dismiss Arnett's claim for injunctive relief is denied as moot.

IT IS THEREFORE ORDERED that the United States of America's "Motion to Dismiss or, Alternatively, Summary Judgment" (Dk. 2) is denied.

IT IS FURTHER ORDERED that each of the parties shall respond to this memorandum and order in the manner set forth in the body of this opinion.

IT IS FURTHER ORDERED that the caption of this case shall hereafter refer to the defendant as the United States of America. The clerk's office shall change the caption of this case on the docket sheet to designate the defendant as the United States of America.