T.C. Memo. 2005-219


UNITED STATES TAX COURT


JOHN ERWIN HUNTER II AND ALMA ESTEBAN HUNTER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1397-05.            Filed September 20, 2005.


John Erwin Hunter II and Alma Esteban Hunter, pro sese.

<u>A. Gary Begun</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  This matter is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief may be granted.  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

On December 2, 2004, respondent issued a notice of deficiency in which respondent determined a $131,093 deficiency in petitioners' 2001 Federal income tax and a $26,218.60 accuracy-related penalty under section 6662. In January 2005, the Court filed as an imperfect petition a document submitted by petitioners in which they stated that they were contesting the amounts set forth in the notice of deficiency.[1] A week later, the Court ordered petitioners to file a proper amended petition and to pay the filing fee. On February 28, 2005, petitioners filed an amended petition (first amended petition) in which they alleged:

> We are requesting injunctive relief totaling $50,000. Plus costs as The United States Tax Court deems appropriate. Because our 1040 tax form is subject to the 3 year statute of limitations that binds us and the commissioner. Instead, IRS issued a 90 day letter without conducting a field audit at our former place of residence. This arbitrary decision involves $157,311.60 worth of retaliation and harassment contrary to The Tax Code or IRS rules. We ask dismissal or reversal of all determinations on record.

About 2 weeks later, respondent filed a motion pursuant to Rule 51(a) for a more definite statement as to the nature of petitioners' first amended petition, the relief requested therein, and the reasons for which petitioners believed they were

---

[1] At the time of filing, petitioners resided in Ann Arbor, Michigan.

entitled to such relief. Petitioners submitted an unsigned

"Answer" to this motion in which they stated:

> We come before the Court again. As we are seeking injunctive relief totaling $57,083.67 in consideration. To comply with the 22 March order, however, we ask the Court to notice several specific errors in the respondent's position:
>
> (a) For the quarter ending 31 December 2005, the $976.00 deficiency or liability is underscored by our $1,169.36 in paper assets such as mutual funds or a certificate of deposit. This means our working capital or current ratio is 1.198 or 1 to 1. With $193.36 being our net working capital. These positive numbers are set-off against the phase-out formula that applies to the alternative minimum tax liability.
>
> The $56,107.87 Lein/Levy [sic] assessment may involve questionable legality. Such as:
>
> (a) Our 2002 tax form and supporting materials were sent via certified mail, which was postmarked 09 April 2003. That being 6 days prior to the 15 April 2003 deadline. However, these facts are not mentioned in the transcript of 1-07-05.
>
> (b) Our tax filing date was erroneously reported as 07-07-03. This constitutes an 82 to 88 day time gap, which allowed us to be hit with a $55,686.75 tax assessment plus interest and penalties. Thus amounting to an overall tax liability of $56,107.87 or more. We respectfully disagree with ambiguous nature of said procedure.

Approximately 1 month later, the Court granted respondent's

motion for a more definite statement and ordered petitioners to

file an amended petition by May 13, 2005.

On May 16, 2005, petitioners, in purported compliance with

the Court's order, filed with the Court a second amended

petition. The second amended petition stated:

> Procedure Rule 331 directly answers the respondent's motion for a more definite statement. IN SUPPORT THEREOF, we respectfully show unto the Court: The Detroit Appeals Office

has granted us relief under IRC 6213 and 6330. Regardless of the Notice of Deficiency alleging $131,093.00 in tax liability. Plus a $26,218.60 penalty for tax year 2001. WHEREFORE, we the petitioners pray: that the Court enter an order requiring the respondent to answer our claim. Or the court award us injunctive relief.

On June 9, 2005, respondent filed the motion at hand. In his motion, respondent asserts that petitioners in their second amended petition have made no factual or justiciable claims of error against respondent's notice of deficiency. Respondent also notes that petitioners have set forth in their second amended petition no facts in support of any claimed error on the part of respondent.

On July 25, 2005, petitioners submitted a notice of objection to respondent's motion, seeking costs, damages, and refunds "starting at $157,311.60" for 2001. In support, petitioners stated:

(1) On June 5, 2001, we did accomplish our Certified Affidavit of Support under United States Immigration Law 213A of said Act. We did submit those documents to The Department of Justice and The INS as well. The financial statement and supporting paperwork are answer and rebuttal to the respondent's notice of deficiency dated December 2, 2004. In failing to collect our Affidavit, America is responsible for reckless and intentional disregard under 26 USC 7433.

(2) Under the February 17, 2005, letter of determination, not following proper procedure also gives rise to an action for economic damages under 26 USC 7430. Since the respondent did willfully understate our tax liability by invalid audit or investigation dated 7/17/2003, 6/23/2004, and 11/18/2004. This inaccurate information was used in full during and after the respondent's issuing of the deficiency notice dated December 2, 2004.

(3)  We think our position is consistent with the determination made under Arnett v. United States. (845 F Supp 796 1994) Relative to White v. Commissioner. (T.C. Memo 1981-609)  Furthermore, we think that our Accounts Receivable can move our claim well past the 15 April 2005 Statute of Limitations under Klien v. Commissioner. (45 T.C. 308 1965)  Nor did we sign away our taxpayer rights under Goldsmith v. Commissioner. (31 T.C. 56 1958)

(4)  We did exhaust our administrative remedies in requesting refund of $1,593.91 taken from tax year 2004.  We would very much appreciate receiving the amount in question. Along with the $768.99 taken for tax year 2000-2001.  As this issue is a matter of prior judgment.

(5)  WHEREFORE, we pray that the court affirm or grant our notice of objection.

## Discussion

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the petitioning taxpayer alleges to have been committed by the Commissioner in the determination of any deficiency, addition to tax, or penalty in dispute.  Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error.  See Funk v. Commissioner, 123 T.C. 213, 215 (2004); Jarvis v. Commissioner, 78 T.C. 646, 658 (1982); Meeker v. Commissioner, T.C. Memo. 2005-146; Stearman v. Commissioner, T.C. Memo. 2005-39.  Any issue not raised in the pleadings is deemed conceded.  See Rule 34(b)(4); Funk v. Commissioner, supra; Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980); Meeker v. Commissioner, supra; Stearman v.

Commissioner, supra. Further, the failure of a party to plead or otherwise proceed as provided in the Court's Rules may be grounds for the Court to hold the party in default, either on the motion of another party or on the initiative of the Court. See Rule 123(a); Meeker v. Commissioner, supra; Stearman v. Commissioner, supra; Ward v. Commissioner, T.C. Memo. 2002-147. The Court also may dismiss a case and enter a decision against a taxpayer for his failure properly to prosecute or to comply with the Rules of this Court. See Rule 123(b); Meeker v. Commissioner, supra; Stearman v. Commissioner, supra; Ward v. Commissioner, supra.

We agree with respondent that petitioners have failed to state a claim upon which relief can be granted. See Funk v. Commissioner, supra at 216-217; Meeker v. Commissioner, supra; Stearman v. Commissioner, supra. Although they had ample opportunities to do so, petitioners have still failed to present the Court with a petition containing clear and concise assignments of errors that petitioners allege respondent has committed in the determination of the deficiency or the associated penalty. Petitioners have likewise failed to include in their petition clear and concise statements of the facts on which petitioners base their assignments of error. Instead, petitioners have included in their petitions and other filings with the Court virtually incoherent arguments. The petition neither conforms to this Court's Rules of Practice and Procedure

nor states a claim upon which relief can be granted.  Because of the absence from the petition of specific justiciable allegations of error and of supporting facts, this Court will grant respondent's motion.  See <u>Funk v. Commissioner</u>, <u>supra</u>.  Accordingly, we shall dismiss petitioners' case and enter a decision sustaining respondent's determinations contained in the notice of deficiency for 2001.

<u>An appropriate order of dismissal and decision will be entered</u>.