T.C. Memo. 2007-23

UNITED STATES TAX COURT

JOHN E. HUNTER, II AND ALMA E. HUNTER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JOHN ERWIN HUNTER, II, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 23649-04, 14984-05L.   Filed February 5, 2007.

John E. Hunter, II, and Alma E. Hunter, pro sese in docket
No. 23649-04.

John Erwin Hunter, II, pro se in docket No. 14984-05L.

<u>A. Gary Begun</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Pursuant to section 7443A and Rules 180 and
183, these cases were assigned to and heard by Chief Special

Trial Judge Peter J. Panuthos. His recommended findings of fact and conclusions of law were filed and served upon the parties on October 5, 2006. There were no objections filed as provided in Rule 183(c). Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Rule 183(d) provides that due regard shall be given to the circumstance that the Special Trial Judge had the opportunity to evaluate the credibility of witnesses, and the findings of fact recommended by the Special Trial Judge shall be presumed to be correct. None of the issues in these cases, however, turns on the credibility of witnesses. We have given appropriate deference to the Chief Special Trial Judge's recommended factual findings. After consideration of the evidence and the record in these cases, we have made minor, clarifying, stylistic, and editorial changes to his recommended findings of fact and conclusions of law. We conclude that the recommended findings of fact and conclusions of law of Chief Special Trial Judge Peter J. Panuthos, which are hereinafter set forth as modified, should be adopted as the report of the Court.

These cases were consolidated by Order of this Court dated February 13, 2006. The case at docket No. 23649-04 arises from a petition filed in response to a notice of deficiency issued on

October 8, 2004. The case at docket No. 14984-05L arises from a petition filed in response to a Determination Letter Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) issued on August 2, 2005. Mrs. Hunter is not a party to the case at docket No. 14984-05L.

The first issue for decision is whether John E. Hunter, II, and Alma E. Hunter (the Hunters) are liable for $976 of alternative minimum tax (AMT) for the taxable year 2002. The remaining issues for decision are whether the Hunters are entitled to a credit against their tax liability for 2002 and whether Mr. Hunter was denied an adequate opportunity for an administrative hearing regarding a notice of Federal tax lien filing and a proposed levy action against him.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated as our findings by this reference. The record consists of the stipulation of facts with attached exhibits for each case, additional exhibits introduced at trial, and the testimony of Mr. Hunter. The Hunters are married and resided in Ann Arbor, Michigan, at all relevant times.

Each case before us involves the taxable year 2002. Because a primary source of dispute concerns the taxable year 2001, however, we begin by describing the facts relevant to that year.

1.  The Taxable Year 2001

On their joint 2001 Federal income tax return, the Hunters reported $700,725.97 of adjusted gross income and zero tax. The Commissioner erroneously assessed $135,924.49 of tax against the Hunters, as well as penalties and interest. The assessment was erroneous because the Commissioner had not issued a notice of deficiency to the Hunters.

The Commissioner abated the assessment for 2001 and issued a notice of deficiency. The Commissioner determined a $131,093 deficiency in the Hunters' 2001 income tax and a $26,218.60 penalty under section 6662. Although the Hunters sought judicial review of that determination, their case was dismissed for failure to state a claim upon which relief may be granted, and a decision was entered for the full deficiency and addition to tax. See Hunter v. Commissioner, T.C. Memo. 2005-219. No appeal from the decision in that case was taken, and it is now final.

2.  The Taxable Year 2002 Collection Case

On their joint 2002 Federal income tax return, the Hunters reported $63,427.60 of tax and claimed $136,137.65 of tax payments for a claimed overpayment of $72,710.05. According to the return, the payments consist of $213.16 of withholding credits and $135,924.49 of payments applied from the taxable year 2001. The latter figure reflects the amount of the premature assessment for 2001 that was abated. The Hunters apparently

believed the abatement represented an overpayment of tax or other tax benefit that could be applied to future years.

Respondent determined that the Hunters did not have an overpayment of tax in 2001 that could be applied to their 2002 tax liability.  Respondent also determined that the Hunters' 2002 tax return contained mathematical errors.  After adjustments, respondent determined that the Hunters' 2002 tax liability was $55,686.75.  Respondent assessed that amount, as well as interest and related costs, and filed a notice of Federal tax lien against the Hunters on January 13, 2004.  Respondent issued a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320 (notice of lien) on January 16, 2004.  On or about the same day, respondent issued a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy).

Mr. Hunter timely submitted a Form 12153, Request for a Collection Due Process Hearing.  The Form 12153 states in part:

> The IRS is responsible for authorizing selective enforcement concurrent with mistaken identity.  The offense is part of a pattern of annual audits since 1988.  Those annual audits do include the use of insufficient or inadequate notice of tax liability or tax owing, which is false and misleading.
>
> *     *     *     *     *     *     *
>
> The IRS is responsible for ignoring or overlooking the issues regarding that of proper identity.  The correct SSN for John Erwin Hunter, II is [XXX-XX-XXXX].  The correct SSN for Alma Esteban Hunter is exactly the opposite of Mr. Hunter's.  This error shows up three consecutive times * * * and most recently on the tax

levy notice of 16 January 04, which is unfair practice [sic] requiring legal remedy.

Mr. Hunter's case was assigned to respondent's settlement officer. The settlement officer sent Mr. Hunter a letter in April 2005 requesting a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, which instructs the taxpayer to provide certain financial information.

Mr. Hunter sent a letter to the settlement officer in May 2005, which states:

> We offer three issues relevant to our CDP [hearing]
> * * *:
>
>    (1) Collection Alternatives--Our Assets and Income substantially outweigh our Expenses and Liabilities for tax year 2002.
>
>    (2) Appropriateness of Collection Action--We strongly and urgently object to the Lein [sic] Determination. Because our 2002 tax form and supporting materials were sent via certified mail, which was postmarked 09 April 2003. That being 6 days prior to the 15 April 2003 deadline. * * * Furthermore, our tax filing date was erroneously reported as 07-07-03. This constitutes an 82 to 88 day time gap, which allowed us to be hit with a $55,686.75 tax assessment plus interest and penalties. Thus amounting to an overall tax liability of $56,107.87 or more. Again, We respectfully disagree with the ambiguous nature of said procedure.
>
>    (3) Spousal Defenses–Mrs. Alma Esteban Hunter, my Wife, is a Permanent Resident of The United States. She has a valid Green Card, A valid Social Security Number, and legitimate employment. This has been duly reported to the appropriate agencies. [Emphasis omitted.]

There is no indication that Mr. Hunter provided the settlement officer with a Form 433-A or the financial information requested therein.

The settlement officer and Mr. Hunter scheduled a telephone hearing for June 1, 2005. Mr. Hunter called the settlement officer on that day, but the settlement officer had stepped out of her office. Mr. Hunter left a message, and the settlement officer returned his call shortly thereafter. The settlement officer left a message with a person who identified himself as Mr. Hunter's father, asking Mr. Hunter to return her call. It is not clear whether Mr. Hunter received this message. In any event, the settlement officer and Mr. Hunter did not speak by telephone.

In August 2005, respondent issued a notice of determination denying Mr. Hunter relief from the notice of Federal tax lien filing and the proposed levy action. The notice of determination states: (1) Mr. Hunter failed to provide requested financial information; (2) the settlement officer determined, on the basis of the best information available, that the requirements of applicable law or administrative procedures had been met; and (3) respondent's proposed collection actions balance the need for efficient collection of tax with the intrusiveness of the actions. Mr. Hunter timely petitioned the Court for review of the notice of determination.

In September 2005, the Court issued its opinion in docket No. 1397-05, involving the Hunters' taxable year 2001. As mentioned above, the Court dismissed the Hunters' case for failure to state a claim upon which relief may be granted. Thus, the Commissioner's determination with respect to 2001 was sustained in full. See Hunter v. Commissioner, T.C. Memo. 2005-219.

In October 2005, Mr. Hunter filed an amended petition in this case that states in part: "I respectfully request case remand or return to Appeals under Rule 34(b), IRC 6330, and Erickson v. United States. (2002) [sic] * * * Appeals rejected proof of my receiving $237,734.82 in * * * tax abatements for tax years 2000 & 2001."

Respondent filed a motion to dismiss the collection case for failure to state a claim upon which relief can be granted. At a hearing on the motion on January 4, 2006, Mr. Hunter was present. Respondent's counsel noted the Court's recent decision in Hunter v. Commissioner, supra, with respect to the taxable year 2001. In light of that decision, the Court allowed respondent to withdraw his motion and ordered Mr. Hunter to file a second amended petition to clarify his position with respect to the effect of the abatement of premature assessments. Mr. Hunter did not file a second amended petition.

At trial, respondent introduced a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, showing the assessment of tax, interest, and costs for 2002. The Form 4340 indicates that Mr. Hunter made no payments toward the 2002 tax liability other than $213.16 of withholding credits.

3. The Taxable Year 2002 Deficiency Case

While the above-described events were taking place, respondent also examined the Hunters' 2002 tax return. The Hunters had reported $233,862.08 of gross income consisting of the following items: (1) $1,953.47 of wages; (2) $18.30 of taxable interest; (3) $10.06 of ordinary dividends; (4) $100,000 of business income from Mr. Hunter's sole proprietorship; and (5) $131,880.25 of capital gain. The Hunters claimed a $3,000 deduction from adjusted gross income for "tuition and fees." The Hunters reported $63,427.60 of regular tax and zero AMT. They also reported $136,137.65 of tax payments for a claimed overpayment at $72,710.

Respondent determined a $976 deficiency attributable to AMT and issued a notice of deficiency in October 2004. On a page labeled "2002 - Personal Exemption Worksheet", the notice of deficiency refers to "the total number of exemptions claimed on Form 1040, line 6e". The Form 1040, U.S. Individual Income Tax Return, for 2002 does not contain a line 6e. It does contain, however, a line 6d for "Total number of exemptions claimed". The

Hunters' return as filed erroneously claimed only one exemption on line 6d, but the computation assumed that they are entitled to two exemptions.

In December 2004, the Hunters timely filed a petition for review of the notice of deficiency.

On March 18, 2005, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted. The motion came on for hearing in Detroit, Michigan, on June 6 and 10, 2005. The Hunters were present at the hearings. Respondent's counsel and the Court explained the issue in the case with respect to computation of the alternative minimum tax and advised the Hunters to file an amended petition. The Court explained that the abatement of 2000 and/or 2001 taxes was simply correction of a premature assessment of taxes that could later be--and in fact were--the subject of a timely notice of deficiency for 2001. An amended petition was thereafter filed, and the motion to dismiss was denied.

In March 2006, the Hunters sent respondent's counsel a letter stating that the notice of deficiency contained an error and should refer to line 6d, rather than to line 6e.

### OPINION

Section 6320 provides that a taxpayer shall be notified in writing by the Secretary of the filing of a notice of Federal tax lien and provided with an opportunity for an administrative

hearing.  Sec. 6320(b).  An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330.  Sec. 6320(c).

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after a notice and demand for payment is made.  Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to unpaid tax only if the Secretary has given written notice to the taxpayer 30 days before the levy.  Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy is begun.

If an administrative hearing is requested in a lien or levy case, the hearing is to be conducted by the Office of Appeals.  Sec. 6330(b)(1).  At the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(c)(1).

A taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including a spousal defense or collection alternatives such as an offer-in-compromise or an installment agreement.  Sec. 6330(b) and (c)(2); secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.  A taxpayer also may challenge the existence or amount of the underlying tax

liability, including a liability reported on the taxpayer's original return, if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B); see also Urbano v. Commissioner, 122 T.C. 384, 389-390 (2004); Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection, taking into account, among other things, collection alternatives proposed by the taxpayer and whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. See sec. 6330(c)(3).

Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate. Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-183 (2000). Whether an abuse of discretion has occurred depends upon whether the

exercise of discretion is without sound basis in fact or law. See Freije v. Commissioner, 125 T.C. 14, 23 (2005).

The Hunters timely petitioned the Court in response to a notice of deficiency. The deficiency case was consolidated with the collection case. The Hunters may challenge their underlying tax liability in this consolidated proceeding. We review respondent's determination of the underlying tax liability de novo, and we review the determination with respect to the proposed collection actions for abuse of discretion. See Sego v. Commissioner, supra; Goza v. Commissioner, supra.

1. The Deficiency in Tax

The Commissioner's determination is presumed correct, and a taxpayer generally bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden may shift to the Commissioner if the taxpayer introduces credible evidence and satisfies the requirements under section 7491(a)(2) to substantiate items, maintain required records, and fully cooperate with the Commissioner's reasonable requests. Sec. 7491(a). The Hunters have neither argued that section 7491(a) applies nor established that they complied with the requirements of section 7491(a)(2). The Hunters therefore bear the burden of proof.

Section 55 imposes, in addition to all other taxes imposed by subtitle A, an AMT on noncorporate taxpayers. The

determination of a noncorporate taxpayer's AMT requires a recomputation of taxable income, leading to a new tax base or an alternative minimum taxable income. Sec. 55(b)(2). In making the recomputation, the standard deduction and the deduction for personal exemptions are not allowed. Sec. 56(b)(1)(E).

The Hunters challenge respondent's determination on two grounds. First, the Hunters contest the validity of the notice of deficiency. As mentioned above, the notice of deficiency refers to Form 1040, line 6e, when it should refer to line 6d, and corrected the number of exemptions to which the Hunters were entitled. The Hunters contend that, as a result, "the tax was applied to a category outside the scope of the exhibits." We interpret this statement as an argument that the notice of deficiency is invalid.

An error in a notice of deficiency does not necessarily invalidate the notice. Anderten v. Commissioner, T.C. Memo. 1993-2. Where the taxpayer is on notice of the nature of the contested item and is not prejudiced or misled by the error, we have held that the notice of deficiency is valid. Hegarty v. Commissioner, T.C. Memo. 1992-143; see also Campbell v. Commissioner, 90 T.C. 110 (1988) (notice of deficiency was valid even where computational sheets of a different taxpayer had been attached); Anderten v. Commissioner, supra (notice of deficiency

was valid although it referred in some places to the wrong taxable year).

As their March 2006 letter to respondent's counsel indicates, the Hunters were not misled by the error in the notice of deficiency. The Hunters recognized that the notice should have referenced line 6d rather than line 6e. At trial, Mr. Hunter conceded that the computation of the AMT was otherwise correct. Thus, it appears that the Hunters understood the nature of the contested item and were not prejudiced by the error. The notice of deficiency therefore is valid, and its computation of the AMT is conceded to be correct. See Hegarty v. Commissioner, supra. Although the Hunters do not specifically raise the issue, we note that the Commissioner can issue a notice of deficiency after he has adjusted a taxpayer's return based on mathematical or clerical errors. See sec. 6213(b)(1); Heasley v. Commissioner, 45 T.C. 448, 457 (1966); Ciciora v. Commissioner, T.C. Memo. 2003-202.

The Hunters' second argument is that a portion of the income they received in 2002 represents nontaxable veteran's benefits. The Hunters provided two documents from the Department of Veterans Affairs indicating that Mr. Hunter is entitled to receive education benefits to attend law school. It is not clear that Mr. Hunter received such benefits in 2002, however, or that the Hunters reported such benefits as taxable income. As

indicated above, the Hunters' tax return does not list education benefits as an item of income. The only item identified in the return pertaining to education is the unexplained $3,000 deduction that the Hunters claimed for tuition and fees. Other categories of income were identified as included in the $233,862.08 of gross income reported on the tax return, and Mr. Hunter's trial testimony on this point did not claim any error in his reporting of income. Thus, any education benefits that Mr. Hunter received have no effect on the deficiency. Respondent's determination with respect to the deficiency is sustained.

2. The Credit Claimed Against the Tax for 2002

Mr. Hunter argues that respondent has failed to credit his account properly for tax payments he made. Mr. Hunter's sole contention in this regard is that the abated tax assessment of $135,924.49 from 2001 represents a tax payment that applies to 2002.

Assessment is a term used to describe the formal act of recording on the records of the Internal Revenue Service a tax liability that has been reported on a tax return, sec. 6201(a)(1), or that otherwise has become assessable, sec. 6213(b), (c), and (d); see sec. 6203. Before assessing a deficiency, the Commissioner generally must issue to the taxpayer a notice of deficiency. Sec. 6213(a); Meyer v. Commissioner, 97

T.C. 555, 560 (1991).  If the Commissioner assesses a deficiency before a notice of deficiency has been issued, a "premature assessment" occurs, which the Commissioner is authorized to "abate" or reverse.  Sec. 6404(a)(3); see Pavich v. Commissioner, T.C. Memo. 2006-167.  The abatement of a premature assessment does not represent an estimated tax payment or tax benefit, nor does it prevent the Commissioner from later issuing a notice of deficiency.  See, e.g., Serv. Bolt & Nut Co. Profit Sharing Trust v. Commissioner, 724 F.2d 519, 524 (6th Cir. 1983), affg. 78 T.C. 812 (1982); Connell Bus. Co. v. Commissioner, T.C. Memo. 2004-131.

The abatement of the premature assessment for 2001 does not in any sense constitute a payment of tax that can be applied to 2002.  Rather, the abatement reversed the erroneous recording of a tax liability against the Hunters.  The abatement did not prevent the Commissioner from later determining a deficiency against the Hunters, which the Commissioner did and which was sustained in Hunter v. Commissioner, T.C. Memo. 2005-219.  Mr. Hunter's position is wholly without merit.

3. Claimed Inadequacy of Administrative Hearing

Mr. Hunter's next argument is that he was denied an administrative hearing.  He contends that respondent "obstructed" his efforts to resolve the case and that "a bureaucratic book * * * [was] slammed in * * * [his] face".

In Gougler v. Commissioner, T.C. Memo. 2002-185, the taxpayer was issued a notice of intent to levy and requested a face-to-face hearing. After the taxpayer failed to appear at the scheduled hearing, the Commissioner issued a notice of determination sustaining the proposed levy action. In his petition, the taxpayer argued that he had attempted to contact the Appeals officer about the hearing. At trial, the only substantive issue raised by the taxpayer was his entitlement to a refund, which, according to the Government's records, had been applied to outstanding liabilities for other years. Id.

In sustaining the Commissioner's determination, the Court stated:

> There may have been a missed communication between * * * [the taxpayer] and the Appeals officer concerning the scheduled hearing. * * * The Appeals officer's determination was based on the materials in * * * [the taxpayer's] file and the transcripts of his account. See sec. 301.6330-(1)(d)(2), Q&A D7, Proced. & Admin. Regs. At trial, * * * [the taxpayer] was unable to identify any materials submitted by him to the Appeals officer that were not duly considered or that would have affected the result in this case.

> Under the circumstances, the absence of a face-to-face hearing has not affected * * * [the taxpayer's] rights. The case may be decided on the present record. See Lunsford v. Commissioner, 117 T.C. 183, 189-190 (2001). * * * [Id.]

Like the taxpayer in Gougler, Mr. Hunter has failed to identify any materials submitted by him to the settlement officer that were not duly considered or that would have affected the outcome of this case. Although Mr. Hunter's May 2005 letter

mentions collection alternatives, he did not propose an offer in compromise or an installment agreement.  Furthermore, Mr. Hunter did not deny that he failed to provide respondent with requested financial information.  See Roman v. Commissioner, T.C. Memo. 2004-20 (Commissioner's rejection of a collection alternative was not abuse of discretion where taxpayer failed to provide current financial information); Rodriguez v. Commissioner, T.C. Memo. 2003-153.  While the letter also purports to raise a spousal defense on behalf of Mrs. Hunter, no cognizable defense is identified.  In any event, she is not a party to the collection case.

At trial, Mr. Hunter was asked repeatedly to identify the information he wished to present to the settlement officer. Mr. Hunter nevertheless failed to identify any relevant information.  Accordingly, we conclude that the absence of a telephone hearing has not affected Mr. Hunter's rights, and the case may be decided on the present record.  See Gougler v. Commissioner, supra; see also Carrillo v. Commissioner, T.C. Memo. 2005-290 ("absent a showing by the taxpayer of some irregularity * * *, a Form 4340 reflecting that tax liabilities were assessed and remain unpaid is sufficient to support collection action * * * . * * * it is not an abuse of discretion for an Appeals officer to rely on Form 4340").

On the basis of our review of the record, we conclude that respondent satisfied the requirements of section 6330(c) and did not err or abuse his discretion in sustaining the notice of Federal tax lien filing or the proposed levy action against Mr. Hunter. Respondent's determination therefore is sustained.

4. Section 6673

In the recommended findings of fact and conclusions of law, Chief Special Trial Judge Panuthos cautioned petitioner about section 6673. We repeat that warning here. Section 6673(a)(1) provides for a penalty not in excess of $25,000 if (A) proceedings in this Court have been instituted or maintained by the taxpayer primarily for delay or (B) the taxpayer's position is frivolous or groundless. Mr. Hunter's arguments have been irrelevant, incoherent, unintelligible, and totally lacking in merit. If he appears before this Court in the future and makes similar groundless arguments, a penalty pursuant to section 6673(a) may be imposed.

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decisions will be entered for respondent.