T.C. Memo. 2005-146

UNITED STATES TAX COURT

GREGORY MEEKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16865-04L.          Filed June 20, 2005.

Gregory Meeker, pro se.

<u>Lauren B. Epstein</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief could be granted.

Background

On February 5, 2004, respondent sent petitioner a notice of intent to levy and right to a hearing regarding income taxes owed for 2001.

On June 3, 2004, respondent sent petitioner a notice of intent to levy and right to a hearing regarding income taxes owed for 1999 and 2000.

On June 8, 2004, respondent sent petitioner a notice of deficiency listing a deficiency of $21,518, an addition to tax pursuant to section 6651(a)(1)[1] of $6,240.22, and an addition to tax pursuant to section 6654(a) of $719.07 for 2002.

On or about June 11, 2004, respondent sent petitioner a notice of Federal tax lien filing and right to a hearing regarding income taxes for 1999, 2000, and 2001 and penalty pursuant to section 6702 for 1999 and 2000.

On June 16, 2004, petitioner requested a section 6330 hearing regarding the notice of Federal tax lien filing and the notices of intent to levy for 1999, 2000, and 2001.

During August 2004, petitioner and respondent conducted by correspondence a section 6330 hearing regarding (1) the notice of lien regarding income taxes for 1999, 2000, and 2001 and penalty pursuant to section 6702 for 1999 and 2000, and (2)

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

the proposed levy regarding income taxes for 1999 and 2000. During August 2004, petitioner and respondent conducted by correspondence an equivalent hearing regarding the proposed levy regarding income taxes for 2001.

On August 26, 2004, respondent sent petitioner: (1) A decision letter concerning equivalent hearing under section 6320 and/or 6330 stating that the notice of intent to levy for income taxes for 2001 would not be withdrawn; (2) a notice of determination concerning collection action(s) under section 6320 and/or 6330 stating that the notice of intent to levy for income taxes for 1999 and 2000 would not be withdrawn; (3) a notice of determination concerning collection action(s) under section 6320 and/or 6330 stating that the notice of Federal tax lien for income taxes for 1999, 2000, and 2001 would not be withdrawn; and (4) a notice of determination concerning collection action(s) under section 6320 and/or 6330 stating that the notice of Federal tax lien regarding the section 6702 penalty for 1999 and 2000 would not be withdrawn.

On September 9, 2004, petitioner submitted a document, postmarked September 3, 2004, that the Court filed as a petition for lien or levy action under section 6320(c) or 6330(d) (petition). Petitioner titled the petition "FIRST AMENDMENT VERIFIED APPEAL OF ADMINISTRATIVE ACTIONS AND DETERMINATIONS JURISDICTIONAL CHALLENGE MOTION FOR FINDINGS OF FACTS AND

CONCLUSIONS AT LAW TAX COURT JUDGE DEMANDED."  Petitioner attached to the petition:  (1) The first page of the notice of deficiency for 2002; (2) the decision letter for 2001; (3) the notice of determination regarding the proposed levy for income taxes for 1999 and 2000; and (4) the notice of determination regarding notice of Federal tax lien for the section 6702 penalty for 1999 and 2000.

On October 29, 2004, respondent filed a motion to dismiss for failure to state a claim upon which relief could be granted.

On November 15, 2004, petitioner filed an objection to respondent's motion to dismiss.

On February 7, 2005, petitioner filed a motion to enforce Rule 36.[2]  This motion contained frivolous and groundless arguments.  The Court denied this motion.

Petitioner attempted to file several other documents with the Court that the Office of the Clerk of the Court returned to petitioner as unfilable.  The returned documents included a "motion to set aside defaults" and a "verified motion to enforce default against IRS by summary judgement".  These documents contained frivolous and groundless arguments.

---

[2]  Rule 36(a) provides, in pertinent part, that "The Commissioner shall have 60 days from the date of service of the petition within which to file an answer, or 45 days from that date within which to move with respect to the petition."

At the hearing on respondent's motion, petitioner stated: "Basically, the only thing I have before the Court, and the only thing that's--as far as I'm concerned, is the default I have against them [the Internal Revenue Service] for not answering my First Amendment complaint." Petitioner further stated: "What I'm saying is they [the Internal Revenue Service] don't have jurisdiction to issue anything to me. I'm not under their jurisdiction".

Discussion

I.   Decision Letter

A decision letter is not a determination letter pursuant to section 6320 or 6330. See Kennedy v. Commissioner, 116 T.C. 255, 263 (2001); Offiler v. Commissioner, 114 T.C. 492, 495 (2000). Respondent did not issue a determination letter to petitioner sufficient to invoke the Court's jurisdiction to review the notice of intent to levy for 2001. Kennedy v. Commissioner, supra. Insofar as the petition filed herein purports to be a petition for review pursuant to section 6330(d) of the notice of intent to levy for 2001, we shall dismiss the petition as to the notice of intent to levy for 2001 for lack of jurisdiction on the ground that respondent did not make a determination pursuant to section 6330 regarding the notice of intent to levy for 2001 because petitioner failed to file a timely request for an Appeals

Office hearing pursuant to section 6330(a)(2) and (3)(B) and (b). Id.

II. Section 6702 Notice of Determination

The Court's jurisdiction to review the Commissioner's determinations respecting collection matters is limited to cases where the underlying tax liability is of a type over which the Court normally has jurisdiction. See Moore v. Commissioner, 114 T.C. 171 (2000). We lack jurisdiction under section 6330(d)(1)(A) to review the Commissioner's determinations regarding the section 6702 frivolous return penalty. Johnson v. Commissioner, 117 T.C. 204, 208 (2001); Van Es v. Commissioner, 115 T.C. 324, 329 (2000) ("we do not * * * have jurisdiction to redetermine the frivolous return penalties assessed pursuant to section 6702").

Accordingly, we shall dismiss the petition as to the notice of Federal tax lien regarding the section 6702 penalty for 1999 and 2000 on the ground that we lack jurisdiction to review respondent's determinations regarding the section 6702 penalty. Johnson v. Commissioner, supra; Van Es v. Commissioner, supra. Pursuant to section 6330(d), petitioner has 30 days after the entry of our order to file his appeal with the appropriate U.S. District Court regarding the notice of determination that pertains to the notice of Federal tax lien for the section 6702 penalty for 1999 and 2000.

III. <u>Notice of Deficiency and Income Tax Notices of Determination</u>

Rule 34(b)(4) requires that a petition filed in this Court shall contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax or penalties in dispute.  Rule 34(b)(5) further requires that the petition shall contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error.  <u>Funk v. Commissioner</u>, 123 T.C. 213, 215 (2004); <u>Jarvis v. Commissioner</u>, 78 T.C. 646, 658 (1982); <u>Stearman v. Commissioner</u>, T.C. Memo. 2005-39.  Any issue not raised in the pleadings is deemed to be conceded.  Rule 34(b)(4); <u>Funk v. Commissioner</u>, <u>supra</u>; <u>Jarvis v. Commissioner</u>, <u>supra</u> at 658 n.19; <u>Gordon v. Commissioner</u>, 73 T.C. 736, 739 (1980); <u>Stearman v. Commissioner</u>, <u>supra</u>.  Further, the failure of a party to plead or otherwise proceed as provided in the Court's Rules may be grounds for the Court to hold such party in default, either on the motion of another party or on the initiative of the Court.  Rule 123(a); <u>Stearman v. Commissioner</u>, <u>supra</u>; <u>Ward v. Commissioner</u>, T.C. Memo. 2002-147.  The Court also may dismiss a case and enter a decision against a taxpayer for his failure properly to prosecute or to comply with the Rules of this Court.  Rule 123(b); <u>Stearman v. Commissioner</u>, <u>supra</u>; <u>Ward v. Commissioner</u>, <u>supra</u>.

We agree with respondent that petitioner has failed to state a claim upon which relief can be granted.  See Funk v. Commissioner, supra at 216-217; Stearman v. Commissioner, supra. Accordingly we shall dismiss petitioner's case and enter a decision sustaining respondent's determinations contained in the notice of deficiency for 2002[3] and respondent's determinations sustaining the notice of intent to levy for 1999 and 2000 and the notice of Federal tax lien regarding income taxes for 1999, 2000, and 2001.[4]  Rules 34(a), 123; Funk v. Commissioner, supra at 218; Stearman v. Commissioner, supra.

## IV.  Section 6673

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v.

---

[3]  Where a petition fails to state a claim in respect of additions to tax, the Commissioner incurs no obligation to produce evidence in support of such determinations pursuant to sec. 7491(c).  Funk v. Commissioner, 123 T.C. 213, 218 (2004).

[4]  Although petitioner did not attach the notice of determination sustaining the notice of Federal tax lien for income taxes for 1999, 2000, and 2001 to the petition, he did refer to it in the petition.  Respondent attached this notice to his motion to dismiss.

Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Petitioner's petition, objection, and motion to enforce Rule 36 are replete with tax-protester rhetoric, including but not limited to arguments regarding the 16th Amendment. The same is true for (1) the two documents received at the hearing on respondent's motion that the Court previously refused to file and (2) petitioner's arguments at the hearing on respondent's motion.

Petitioner has advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986). We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

We conclude that petitioner's position was frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay. We take this opportunity to warn petitioner that the Court will impose a penalty pursuant to

section 6673 if he returns to the Court and proceeds in a similar fashion in the future.

To reflect the foregoing,

<u>An appropriate order of dismissal and decision will be entered</u>.