T.C. Memo. 2006-59


UNITED STATES TAX COURT


HENRY NINO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17120-05.          Filed March 28, 2006.


Henry Nino, pro se.

<u>Timothy S. Murphy</u>, for respondent.


MEMORANDUM OPINION

LARO, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted.  Petitioner did not file Federal income tax returns for 2000, 2001, 2002, or 2003.  Respondent prepared a Form 4549A, Income Tax Examination Changes, and issued to petitioner a notice of deficiency dated June 9, 2005, that

determined the following deficiencies in petitioner's Federal

income tax and additions to tax:

| | | Additions to Tax | | |
|------|------------|-----------------|------------------|-----------|
| Year | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6651(a)(2) | Sec. 6654 |
| 2000 | $43,644 | $8,860.95 | $9,451.68 | $2,078.27 |
| 2001 | 34,957 | 6,860.93 | 5,488.74 | 1,198.79 |
| 2002 | 30,404 | 6,709.95 | 3,578.64 | 994.41 |
| 2003 | 19,015 | 4,078.35 | 1,087.56 | 471.79 |

Petitioner, while residing in Northville, Michigan, timely

petitioned this Court.  In his petition, petitioner claimed that

respondent's determination was based on the following errors:

The Commissioner's Examiner (revenue officer) and
Technical Services, was unable, and/or unwilling to
properly execute its collection activities as is
statutorily annotated in agency law as herein stated:

(a)  The Paper Work Reduction Act, as is
statutorily implemented by the Agency in
Title 26 Code of Federal Regulation Part
601.104.

(b)  The Revenue Officer failed to lawfully
execute its collection activity prescribed in
Title 26 CFR part 601.104

(c)  Technical Services failed to lawfully
authenticate the Letter 531(DO) in
accordance to its legal responsibility, and
chose to issue a non statutory notice of
deficiency in contravention to Title 26 CFR
part 601.103(c)(2)

(d)  Neither The Examiner, and/or Technical  Services
have a lawfully executed a legal collection activity in
compliance to Title 26 USCA Chapter 63, Subchapter B.

---

[1]  Section references are to the applicable versions of the
Internal Revenue Code.  Rule references are to the Tax Court
Rules of Practice and Procedure.

Petitioner relied on the following as the basis of his case:

(a) The Examiner, who is the Revenue Officer moved a collection activity in violation to Title 26, CFR part 601.104

(b) The Technical Services Officer knows and/or should have known that a non statutory collection activity is demonstrative of an inappropriate collection activity. (Title 26 of USCA Chapter 64, Subchapter D)

(c) The Examiner's Tax Payer Delinquency Investigation substantiates it has moved an inappropriate collection activity, that stands in contradistinction to the Paper Work Reduction Act. (Title 26 CFR part 601.101)

(d) The Technical Services Territory Manager is attempting to perfect an inappropriate collection action, as it is unwilling, and/or unable to produce a lawfully filed, and/or legally executed TAX RETURN. (Title 26 USCA Chapter 63, Subchapter A)

Respondent filed a motion to dismiss the case for failure to state a claim upon which relief can be granted. On October 21, 2005, the Court ordered petitioner to file an amended petition "in which petitioner sets forth with specificity each error petitioner alleges was made by respondent in the determination of the deficiency and additions to tax, and separate statements of every fact upon which petitioner bases the assignment of errors." On November 2, 2005, petitioner filed with this Court an amended petition in which he listed the following assignments of error of respondent:

a.) The respondent failed to substantiate a lawful collection of information for the issuance of statutory notice of deficiency.

b.)  The respondent has not lawfully substantiated its collection of information in accordance to the Paperwork Reduction Act annotated specifically by the Secretary in Title 26 CFR part 601.101(b) in Compliance to Title 44 USCA section 3501 et. seq..

c.)  The respondent is attempting to use a non statutory notice of deficiency to accrue an assessment without a lawful collection of information in violation to the Paperwork Reduction Act which stipulates the statutory provisions for an agency's collection of information.

d.)  The respondent's Internal Revenue Manual specifically states a substitute for return is not a valid collection of information, as said manual stipulates this substitute for return, is an invalid return, which is why the Respondent is unable to produce a lawfully  executed and legally signed Tax return.

e.)  The respondent is statutorily empowered to collect information in accordance to law, not to create fictitious presentments in violation to the law authorizing information collection requests and collection of information for determining legal assessments.

f.)  The Respondent issued a non statutory notice of deficiency and wavier to obfuscate its statutory failure to lawfully execute an information collection request, for the legal collection of information in accordance to the procedural rules annotated by the Secretary in Title 26 CFR part 601.103(c)(2).

Petitioner relied on the following as the basis of his case

in his amended petition:

a.)  The Letter 531(DO) is a deliberated attempt by the respondent to suppress its evidentiary failure to execute an information collection request in compliance to securing the collection of information to substantiate its issuance of a Notice of Deficiency, which is self evident as it forthwith, issued as a non statutory Notice of Deficiency and Waiver presented as this Letter 531 (DO).

b.) The respondent has no lawful evidence to substantiate its issuance of a statutory notice of deficiency in compliance to law as specified by the Secretary in Title 26 CRF part 601.103(c)(2) and the Federal Rules of Evidence as expressed in Court Rule 143.

c.) The respondent has issued a non statutory Letter 531(DO) to fraudulently induce the Petitioner to secure re-determination of a non existent Notice of Deficiency.

d.) The respondent has not lawfully determined a legal assessment substantiating an issuance of a notice of deficiency in accordance to its administrative rules and regulations; it has chosen to issue a non statutory notice of deficiency and waiver as this Letter 531 (DO) purporting to be the respondent's "90 day Letter".

Following the filing of petitioner's amended petition, respondent filed a supplement to his motion to dismiss for failure to state a claim upon which relief can be granted. Respondent reiterated in his supplement that petitioner has still failed to state a claim upon which relief can be granted. Petitioner has filed a response to respondent's motion.

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the petitioning taxpayer alleges to have been committed by the Commissioner in the determination of any deficiency, addition to tax, or penalty in dispute. Rule 34(b)(5) further requires that the petition shall contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Funk v. Commissioner, 123 T.C. 213, 215 (2004); Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). Any

issue not raised in the pleadings is deemed to be conceded. See Rule 34(b)(4); Funk v. Commissioner, supra. Further, the failure of a party to plead or otherwise proceed as provided in the Court's Rules may be grounds for the Court to hold such party in default, either on the motion of another party or on the initiative of the Court. See Rule 123(a); Meeker v. Commissioner, T.C. Memo. 2005-146; Ward v. Commissioner, T.C. Memo. 2002-147. The Court also may dismiss a case and enter a decision against a taxpayer for the failure properly to prosecute or to comply with the Rules of this Court. See Rule 123(b); Meeker v. Commissioner, supra; Ward v. Commissioner, supra.

We agree with respondent that petitioner has failed to state a claim upon which relief can be granted. See Funk v. Commissioner, supra at 216-217; Meeker v. Commissioner, supra. Petitioner has failed to present the Court with a petition containing clear and concise assignments of error that petitioner alleges the Commissioner has committed in the determination of the deficiency or the additions related thereto. Petitioner has likewise failed to include in his petition clear and concise statements of the facts on which he bases his assignments of error. Rather than making factual claims of error, petitioner argues only frivolous conclusions. The petition neither conforms to this Court's Rules of Practice and Procedure nor states a claim upon which relief can be based. Due to the absence from

the petition of specific justiciable allegations of error and of supporting facts, this Court shall grant respondent's motion. See Funk v. Commissioner, supra.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The Court has considered imposing sanctions on petitioner under section 6673(a)(1) but declines to do so at this time. With this in mind, we note that petitioner is now on notice that he may be liable for sanctions if he continues to make frivolous arguments and maintain proceedings before this Court for the purpose of delay.

Accordingly, we shall dismiss petitioner's case and enter a decision sustaining respondent's determinations contained in the notice of deficiency dated June 9, 2005. See sec. 7459(d).

To reflect the foregoing,

An appropriate order of dismissal and decision will be entered for respondent.