T.C. Memo. 2006-275

UNITED STATES TAX COURT

JONATHAN HARRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7754-06.                    Filed December 27, 2006.

Jonathan Harris, pro se.

<u>Frederick J. Lockhart, Jr.</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  This case is before the Court on respondent's
motion to dismiss for failure to state a claim upon which relief
can be granted and to impose a penalty under section 6673 as
supplemented.[1]  Petitioner did not file a Federal income tax

_____

[1] Section references are to the applicable versions of the
                                        (continued...)

return for 2000, 2001, or 2002. Respondent prepared a Form 4549A, Income Tax Examination Changes, and issued to petitioner a notice of deficiency dated January 23, 2006, that determined the following deficiencies in petitioner's Federal income tax and additions to tax:

|  |  | Additions to Tax | | |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2000 | $185,170 | $41,663.25 | See * below | $9,890.85 |
| 2001 | 90,250 | 20,306.25 | See * below | 3,606.72 |
| 2002 | 82,605 | 18,586.13 | See * below | 2,760.39 |

With regard to the section 6651(a)(2) addition to tax for each year, the note marked by the "*" stated that "The amount of the addition to tax cannot be determined at this time, but an addition to tax of .5 percent will be imposed for each month, or fraction thereof, of nonpayment, up to 25 percent, based on the liability shown on this report."

Petitioner, while residing in Wheat Ridge, Colorado, timely petitioned this Court. In his petition, petitioner denies being a "subject" liable to tax and argues, among other things, that he has, by his actions, relinquished his "subject" status of "U.S. citizenship" and that this Court lacks jurisdiction to decide the case.

---

[1](...continued)
Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent filed a motion to dismiss the case for failure to state a claim upon which relief can be granted and to impose a penalty under section 6673. The motion was calendared for a hearing at a September 11, 2006, session of the Court in Denver, Colorado. Petitioner failed to appear when the case was called.

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the petitioning taxpayer alleges to have been committed by the Commissioner in the determination of any deficiency, addition to tax, or penalty in dispute. Rule 34(b)(5) further requires that the petition shall contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Funk v. Commissioner, 123 T.C. 213, 215 (2004); Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). Any issue not raised in the pleadings is deemed to be conceded. See Rule 34(b)(4); Funk v. Commissioner, supra at 215. Further, the failure of a party to plead or otherwise proceed as provided in the Court's Rules may be grounds for the Court to hold such party in default, either on the motion of another party or on the initiative of the Court. See Rule 123(a); Meeker v. Commissioner, T.C. Memo. 2005-146; Ward v. Commissioner, T.C. Memo. 2002-147. The Court also may dismiss a case and enter a decision against a taxpayer for the failure properly to prosecute

or to comply with the Rules of this Court.  See Rule 123(b); Meeker v. Commissioner, supra; Ward v. Commissioner, supra.

We agree with respondent that petitioner has failed to state a claim upon which relief can be granted.  See Funk v. Commissioner, supra at 216-217; Meeker v. Commissioner, supra. Petitioner has failed to present the Court with a petition containing clear and concise assignments of error that petitioner alleges the Commissioner has committed in the determination of the deficiency or the additions related thereto.  Petitioner has likewise failed to include in his petition clear and concise statements of the facts on which he bases his assignments of error.  Petitioner's petition contains only the type of frivolous arguments that have been repeatedly made and rejected by this and other courts.  See, e.g., Funk v. Commissioner, supra.  The petition neither conforms to this Court's Rules of Practice and Procedure nor states a claim upon which relief can be based.  Due to the absence from the petition of specific justiciable allegations of error and of supporting facts, this Court shall grant respondent's motion.  See id.

In respondent's motion, respondent also asks the Court to impose a penalty on petitioner under section 6673.  Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by

the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  A taxpayer's position is frivolous or groundless if it is "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'"  <u>Williams v. Commissioner</u>, 114 T.C. 136, 144 (2000) (quoting <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986)).  We find that petitioner has advanced frivolous and groundless statements, contentions, and arguments.  We further find that petitioner has instituted this proceeding primarily for delay.  Under the circumstances presented, we shall impose on petitioner a penalty in the amount of $5,000.

To reflect the foregoing,

<u>An appropriate order of dismissal and decision will be entered for respondent</u>.