T.C. Memo. 2009-293

UNITED STATES TAX COURT

HENRY NINO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27645-07.                    Filed December 21, 2009.

Henry Nino, pro se.

<u>Timothy S. Murphy</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  For 2004 and 2005 respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

|      |            | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
|------|------------|-----------------|-----------------|--------------|
| 2004 | $35,714    | $8,035.65       | $4,999.96       | $1,036.65    |
| 2005 | 27,988     | 6,122.03        | 2,176.72        | 1,087.93     |

The issues for decision are whether petitioner is liable for the deficiencies in his Federal income taxes and whether petitioner is liable for the additions to tax under sections 6651(a)(1) and (2) and 6654(a).[1]

## Background

### I. Respondent's Rule 91(f) Motion

Under Rule 91(f)(1), respondent moved the Court to issue an order requiring petitioner to show cause why the facts and evidence set forth in respondent's proposed stipulation of facts should not be accepted as established for the purposes of this case (Rule 91(f) motion). We granted respondent's Rule 91(f) motion and ordered petitioner to file a response in compliance with Rule 91(f)(2) on or before January 7, 2009. On January 6, 2009, petitioner sent a response to the Court that we filed on January 15, 2009 (response). On January 16, 2009, we ordered that respondent's Rule 91(f) motion be made absolute and that the facts and evidence set forth in respondent's proposed stipulation of facts be deemed established for the purposes of this case.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner moved the Court to set aside the January 16, 2009, order granting respondent's Rule 91(f) motion (motion to set aside). On March 11, 2009, we denied petitioner's motion to set aside. Our reasoning for denying the motion to set aside was twofold: First, we found that petitioner's response was evasive and unresponsive and offered nothing of merit to refute respondent's proposed stipulation of facts as to paragraphs 4 through 12; Second, we found paragraphs 1 through 3[2] of respondent's proposed stipulation of facts not to be prejudicial to petitioner.

II. Factual Background

The facts have been deemed stipulated under Rule 91(f)(3) and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. When petitioner filed his petition, he resided in Michigan.

During 2003 through 2005 petitioner worked for Ford Motor Co. (Ford). Ford issued Forms W-2, Wage and Tax Statement, to petitioner reporting wages of $143,126.29 and $121,780.94 for

---

[2] Par. 1 states petitioner's residence and sets forth his street address (last known address). The parties agree as to the locations, and we also pointed out that petitioner used his last known address on his petition to the Court (and other documents he filed with the Court). Pars. 2 and 3 identify as Exhibits 1-R and 2-R copies of the notices of deficiency for 2004 and 2005, respectively. We also pointed out that petitioner attached copies of the notices of deficiency to his petition to the Court.

2004 and 2005, respectively.[3]  Ford did not withhold any Federal income tax for 2003 and 2004 from petitioner's wages because he filed a Form W-4, Employee's Withholding Allowance Certificate, with Ford for each year claiming that he was exempt from Federal income tax withholding.  Ford withheld Federal income tax of $779.87 for 2005.  Petitioner did not file Federal income tax returns for 2003 through 2005.

Respondent filed substitutes for returns (SFR) for petitioner for 2004 and 2005.  Respondent, using third-party payer reports, determined that petitioner received wages of $143,126 and $121,780 in 2004 and 2005, respectively.  For 2004 respondent determined petitioner's filing status was married filing separate and that petitioner had taxable income of $136,974.  For 2005 respondent determined petitioner's filing status was married filing separate and that petitioner had taxable income of $114,220.  Respondent determined deficiencies in petitioner's Federal income taxes of $35,714 and $27,988 for 2004 and 2005, respectively.  For 2004 respondent also determined additions to tax pursuant to section 6651(a)(1) of $8,035.65, section 6651(a)(2) of $4,999.96, and section 6654(a) of $1,036.65.  For 2005 respondent determined additions to tax

_____

[3]  The parties did not provide a copy of petitioner's 2003 Form W-2.  According to Ford's payroll records, it appears that petitioner was employed by Ford in December 2003 and earned wages of $1,602.64.

pursuant to section 6651(a)(1) of $6,122.03, section 6651(a)(2) of $2,176.72, and section 6654(a) of $1,087.93.

Respondent introduced into evidence Ford's payroll records to prove that petitioner was employed by Ford during 2003 through 2005 and that Ford paid petitioner wages of $143,126.29 and $121,780.94 in 2004 and 2005, respectively. Petitioner did not deny receipt of the wage income and did not deny that he worked at Ford.

Petitioner is no stranger to the Court. In Nino v. Commissioner, T.C. Memo. 2006-59, we warned petitioner that we might impose sanctions against him if he continued to make frivolous arguments before the Court in the future. At trial we advised petitioner that his arguments were frivolous. We warned petitioner that if he continued to assert frivolous arguments in his posttrial brief, we would consider imposing a sanction against him under section 6673(a)(1). In his posttrial brief he asserted that no valid notices of deficiency exist or were sent to and received by him because: (1) The individual master file transcripts of his account do not contain transaction code 494; and (2) respondent did not document the issuance of the notices of deficiency in his records, and thus, he failed to maintain an accurate and complete system of records as required by the Privacy Act, 5 U.S.C. sec. 552a(e)(5).

## Discussion

I. **Deficiencies in Federal Income Tax and Unreported Wage Income**

Section 61(a)(1) defines gross income as all income from whatever source derived, including compensation for services (i.e., wage income).

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The Court of Appeals for the Sixth Circuit, to which an appeal in this case would lie, however, has held that the Commissioner's determination of unreported income must be supported by at least a minimal factual predicate or foundation of substantive evidence linking the taxpayer to the income-generating activity or to the receipt of funds. United States v. Walton, 909 F.2d 915, 918-919 (6th Cir. 1990). In addition, section 7491(a) provides that if the taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Code.[4]

Petitioner has not alleged that section 7491(a) applies, and he failed to cooperate with respondent's reasonable requests for

---

[4] Petitioner did not dispute the accuracy of the information reported by Ford on the 2004 and 2005 Forms W-2. Therefore, sec. 6201(d) does not apply.

information. See sec. 7491(a)(2)(B). Accordingly, the burden of proof remains on him.

To satisfy respondent's initial burden of production, he provided evidence to the Court of petitioner's employment and wages earned during 2004 and 2005 through Ford's payroll records. Petitioner does not challenge the facts on which respondent's determinations are based or respondent's calculation of tax. Rather, he has advanced arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986). We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Accordingly, we sustain respondent's deficiency determinations for 2004 and 2005.

II. Additions to Tax

A. Burden of Proof and Production

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax,

or additional amount".  Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception.  Higbee v. Commissioner, supra at 446.

B.  Section 6651(a)(1)

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for 2004 and 2005.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[5]

Petitioner did not file Federal income tax returns for 2004 and 2005.  Respondent has produced sufficient evidence that petitioner is liable for the section 6651(a)(1) addition to tax. See Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, T.C. Memo. 2008-300.  Petitioner provided no

---

[5]  If the Secretary makes a return for the taxpayer under sec. 6020(b), it is disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1), but it is treated as a return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2).  Sec. 6651(g).

evidence of a reasonable cause defense.  Consequently, petitioner has not met his burden of persuasion, and respondent's determinations are sustained.  See United States v. Rylander, 460 U.S. 752, 758 (1983); Traficant v. Commissioner, 89 T.C. 501, 504 (1987), affd. 884 F.2d 258 (6th Cir. 1989).

C.  Section 6651(a)(2)

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(2) for 2004 and 2005.

Section 6651(a)(2) provides for an addition to tax where payment of the amount reported as tax on a return is not timely "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".

With respect to the section 6651(a)(2) addition to tax, the Commissioner must introduce evidence that the tax was shown on a Federal income tax return to satisfy his burden of production under section 7491(c).  Cabirac v. Commissioner, 120 T.C. 163 (2003).  When a taxpayer has not filed a return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared an SFR that meets the requirements of section 6020(b).  Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

Section 6020(b) provides:

SEC. 6020(b).  Execution of Return by Secretary.--

(1) Authority of Secretary to execute return.--If any person fails to make any return required by any

internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns.--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

Respondent submitted to the Court copies of the SFRs that he prepared for petitioner. The SFRs meet the requirements of section 6020(b). Petitioner did not pay his 2004 and 2005 Federal income taxes as shown on the SFRs by April 15, 2005 and 2006, respectively. See Wheeler v. Commissioner, supra at 208-209; see also Hawkins v. Commissioner, T.C. Memo. 2008-168. Respondent has produced sufficient evidence that petitioner is liable for the section 6651(a)(2) addition to tax. See Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, supra. Petitioner provided no evidence of a reasonable cause defense. Consequently, petitioner has not met his burden of persuasion, and respondent's determinations are sustained. See United States v. Rylander, supra at 758; Traficant v. Commissioner, supra at 504.

D. Section 6654(a)

Respondent determined that petitioner is liable for an addition to tax under section 6654(a) for failure to pay estimated income taxes for 2004 and 2005.

Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual".  A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year.  Sec. 6654(d).  A required annual payment generally is equal to the lesser of:  (i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for the year); or (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year.  Sec. 6654(d)(1)(B); Wheeler v. Commissioner, supra at 210-211; Heers v. Commissioner, T.C. Memo. 2007-10.  Clause (ii) does not apply, however, if the individual did not file a return for the preceding year.  Sec. 6654(d)(1)(B).  Respondent's burden of production under section 7491(c) requires him to produce evidence that petitioner had a required annual payment for 2004 and 2005.

Petitioner did not file Federal income tax returns for 2003 through 2005.  Accordingly, his required annual payment was 90 percent of the tax for 2004 and 2005. He did not make any estimated income tax payments for 2004, and he made estimated income tax payments of only $779.87 for 2005 (his required annual payment for 2005 was $25,189.20 ($27,988 x 90 percent)).  Respondent has produced sufficient evidence that petitioner is liable for the section 6654(a) addition to tax.  See Higbee v. Commissioner, supra at 446.  Petitioner neither argued nor

established any of the defenses enumerated in section 6654(e).
Consequently, petitioner has not met his burden of persuasion,
and respondent's determinations are sustained.  See United States
v. Rylander, supra at 758; Traficant v. Commissioner, supra at
504.

III.   Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes this Court to impose a penalty
not to exceed $25,000 if the taxpayer took frivolous or
groundless positions in the proceeding or instituted the
proceeding primarily for delay.

Respondent has not asked the Court to impose a penalty under
section 6673(a)(1) against petitioner.  The Court may, however,
impose this penalty sua sponte.  Pierson v. Commissioner, 115
T.C. 576, 580 (2000); see also Rewerts v. Commissioner, T.C.
Memo. 2004-248.

Petitioner's petition, pretrial memorandum, and response to
respondent's Rule 91(f) motion contain frivolous and groundless
arguments.  At trial we advised petitioner that his arguments
were frivolous.  We warned petitioner that if he continued to
assert frivolous arguments in his posttrial brief, we would
consider imposing a sanction against him under section
6673(a)(1).  Petitioner asserted frivolous and groundless
arguments in his posttrial brief.  Moreover, in Nino v.
Commissioner, T.C. Memo. 2006-59, we warned petitioner that we

might impose sanctions against him if he continued to make frivolous arguments before the Court in the future.  Petitioner has ignored the Court's warnings.  He has wasted the time and limited resources of the Court.  Accordingly, we will impose a penalty of $2,000 under section 6673(a)(1).

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>for respondent</u>.