T.C. Memo. 2005-184

UNITED STATES TAX COURT

ROBERT E. RHODES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6291-04.                    Filed July 26, 2005.

Robert E. Rhodes, pro se.

<u>Tanya S. Wang</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following

deficiencies in and additions to petitioner's Federal income tax:

|  |  | Additions to Tax | |
| <u>Year</u> | <u>Deficiency</u> | <u>Sec. 6651(a)(1)</u> | <u>Sec. 6654(a)</u> |
| 1999 | $9,606.50 | $2,690.72 | $333.90 |
| 2000 | 8,509.00 | 3,148.33 | 457.64 |
| 2001 | 8,794.00 | 2,726.14 | 348.00 |

All section references are to the applicable Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issues for decision are: (1) Whether petitioner is liable for the deficiencies determined by respondent for 1999, 2000, and 2001 in excess of the amounts he conceded; (2) whether petitioner is liable for the addition to tax pursuant to section 6651(a)(1) for 1999, 2000, and 2001; (3) whether petitioner is liable for the addition to tax pursuant to section 6654(a) for 2000 and 2001; and (4) whether to impose a penalty pursuant to section 6673.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Arlington, Texas.

I. Notices of Deficiency and Forms 1040

On January 14, 2004, respondent issued petitioner separate notices of deficiency for 1999, 2000, and 2001. After receiving the notices of deficiency for 1999, 2000, and 2001, on January

---

[1] Respondent concedes that (1) Texas community property laws are applicable to petitioner, (2) petitioner's income listed in the notice of deficiency must be reduced in accordance with Texas community property laws, (3) petitioner's filing status is married filing separately, (4) no addition to tax pursuant to sec. 6654(a) is due from petitioner for 1999, and (5) petitioner incurred net losses on his stock transactions for 2000 and 2001.

28, 2004, January 30, 2004, and January 30, 2004, respectively, petitioner signed Forms 1040, U.S. Individual Income Tax Return, for 1999, 2000, and 2001. On February 8, 2004, the Internal Revenue Service received petitioner's Forms 1040 for 1999, 2000, and 2001. The Forms 1040 for 1999, 2000, and 2001 listed zeros for, among other things, the amount of petitioner's income, adjusted gross income, taxable income, tax, total tax, and payments and the amount petitioner overpaid, wanted refunded, and owed.

## II. 1999

During 1999, petitioner worked for Allstate Insurance Co. (AIC). AIC issued petitioner a Form W-2, Wage and Tax Statement, for 1999 reflecting wages of $45,414.84 and Federal income tax withholding of $2,512.77. During 1999, petitioner also worked for Practice Practice, Inc. (PPI). PPI issued petitioner a Form W-2 for 1999 reflecting wages of $2,648 and Federal income tax withholding of $60.

In 1999, petitioner received a taxable distribution from the AIC Savings and Profit Sharing Plan. Petitioner received a Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., from AIC for 1999 listing a gross distribution in the amount of $4,700, a taxable distribution in the amount of $3,885, and Federal income tax withholding in the amount of $777.

III. 2000

During 2000, petitioner worked for AIC.  AIC issued petitioner a Form W-2 for 2000 reflecting wages of $46,754.84 and zero Federal income tax withheld.  Petitioner received $13 of interest in 2000.  Arlington Federal Credit Union (AFCU) issued petitioner a Form 1099-INT, Interest Income, for 2000 reflecting this interest.

IV. 2001

During 2001, petitioner worked for AIC.  AIC issued petitioner a Form W-2 for 2001 reflecting wages of $46,465 and zero Federal income tax was withheld.  Petitioner received a $4 ordinary dividend in 2001.  Datek Online Holdings Corp. issued petitioner a Form 1099-DIV, Dividends and Distribution, for 2001 reflecting this dividend.  Petitioner received $11 of interest in 2001.  AFCU issued petitioner a Form 1099-INT for 2001 reflecting this interest.

OPINION

I.  The Deficiency

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues

relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Code. Additionally, section 6201(d) provides that if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary by a third party and the taxpayer has fully cooperated with the Secretary, the Secretary shall have the burden of producing reasonable and probative information concerning such deficiency in addition to such information return.

At trial, petitioner testified and stipulated he received the wages, pension distribution, interest, and dividend set forth in the notices of deficiency. Petitioner, however, disputed that the aforementioned amounts are income. Accordingly, as petitioner does not dispute the facts, failed to introduce credible evidence, and has not asserted a reasonable dispute regarding the items listed on the information returns, sections 6201(d) and 7491(a) are inapplicable. Parker v. Commissioner, 117 F.3d 785, 786 (5th Cir. 1997); Tanner v. Commissioner, 117 T.C. 237, 241 (2001), affd. 65 Fed. Appx. 508 (5th Cir. 2003).

At trial and on brief, petitioner advanced shopworn arguments regarding why the wages, pension distribution, interest, and dividend are not income. His arguments are characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. See Wilcox v.

Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 748 F.2d 1006, 1009 (9th Cir. 1986). We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Accordingly, with the exception of the amounts conceded by respondent, we sustain respondent's deficiency determinations for 1999, 2000, and 2001.

II. Additions to Tax

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount". Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If a taxpayer files a petition alleging some error in the determination of an addition to tax or penalty, the taxpayer's challenge will succeed unless the Commissioner produces evidence that the addition to tax or penalty is appropriate. Swain v. Commissioner, supra at 363-365. The Commissioner, however, does not have the obligation to introduce

evidence regarding reasonable cause or substantial authority. Higbee v. Commissioner, supra at 446-447.

A.   Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.

Petitioner stipulated that he filed his Forms 1040 for 1999, 2000, and 2001 on February 8, 2004. Individuals are required to file a Federal income tax return on or before April 15, following the close of the calendar year. Sec. 6072(a). Even assuming arguendo that the Forms 1040 are valid returns for purposes of section 6651(a)(1), see infra, petitioner's Forms 1040 for 1999, 2000, and 2001 are late by more than 3 years and 9 months, 2 years and 9 months, and 1 year and 9 months, respectively. Accordingly, respondent has met his burden of production on this issue.

Petitioner offered no credible evidence to show that the failure to file on the date prescribed was due to reasonable cause and not due to willful neglect. Accordingly, we sustain respondent's determinations that petitioner is liable for the additions to tax pursuant to section 6651(a)(1) for 1999, 2000, and 2001.

B.    Section 6654(a)

Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual".

Petitioner had zero withholding for 2000 and 2001. Petitioner's Forms 1040 for 1999, 2000, and 2001 were not signed or filed prior to his receipt of the notices of deficiency for 1999, 2000, and 2001.  Additionally, the Forms 1040 for 1999, 2000, and 2001 listed zeros for, among other things, the amount of income, of adjusted gross income, of taxable income, of tax, of total tax, of payments, overpaid, petitioner wanted refunded, and amount he owed.  Accordingly, the Forms 1040 for 1999, 2000, and 2001 are not considered valid returns for purposes of section 6654.  Mendes v. Commissioner, 121 T.C. 308, 322-329 (2003); Cabirac v. Commissioner, 120 T.C. 163, 168-170 (2003); Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986).  Accordingly, respondent met his burden of production.

Petitioner offered no credible evidence related to this issue and failed to address it on brief.  See Petzoldt v. Commissioner, 92 T.C. 661, 683 (1989) (failure to address an adjustment in the notice of deficiency on brief constitutes abandonment of that issue); Money v. Commissioner, 89 T.C. 46, 48 (1987) (uncontested items deemed conceded).  Accordingly, we sustain respondent's determinations that petitioner is liable for

the additions to tax pursuant to section 6654(a) for 2000 and 2001.

III. Section 6673(a)(1)

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceeding or instituted the proceedings primarily for delay. A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). In Parker v. Commissioner, 724 F.2d 469, 472 (5th Cir. 1984), affg. T.C. Memo. 1983-75, the U.S. Court of Appeals for the Fifth Circuit, the court which is the likely venue for appeal, gave a "cautionary note to those who would persistently raise arguments against the income tax which have been put to rest for years. The full range of sanctions in Rule 38 hereafter shall be summoned in response to a totally frivolous appeal."

Prior to trial, petitioner filed several documents containing frivolous and groundless arguments with the Court. The Court specifically warned petitioner that we may penalize petitioner up to $25,000 pursuant to section 6673 for pursuing arguments that the Court advised him had been rejected as frivolous by the Court, the U.S. Court of Appeals for the Fifth

Circuit, and the Supreme Court of the United States.  Despite warning petitioner at least six times at trial that his arguments were frivolous and groundless, petitioner persisted in making those arguments at trial and on brief.

We conclude that petitioner's position was frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay.  Accordingly, pursuant to section 6673(a) we hold petitioner is liable for a $5,000 penalty.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.