T.C. Memo. 2010-29

UNITED STATES TAX COURT

MICHAEL ANDREW BIGLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14223-08.               Filed February 22, 2010.

Michael Andrew Bigley, pro se.

<u>Christopher J. Sheldon</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency in and additions to petitioner's 2004 Federal income tax as follows:

|            | Additions to Tax | | |
| Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| $29,577[1] | $6,654.83 | $4,288.67 | $858.54 |

[1] The deficiency includes self-employment tax of $12,793.

The issues remaining[1] for decision are whether petitioner is liable for the deficiency in his Federal income tax and whether he is liable for a section 6673(a)(1)[2] penalty.

## Background

The facts have been deemed stipulated under Rule 91(f) and are so found.[3] The stipulations, with accompanying exhibits, are

---

[1]  In the notice of deficiency respondent determined that petitioner received interest income of $1,681.  It is deemed stipulated that petitioner received interest income of $1,664 from Washington Mutual (see infra note 3--we treat this as a concession of the $17 difference by respondent).  Petitioner admits that his interest income is gross income subject to Federal income tax.

Petitioner is deemed to have conceded the additions to tax under secs. 6651(a)(1) and (2) and 6654(a) because he did not assign error to them in his petition.  See Rule 34(b)(4); Funk v. Commissioner, 123 T.C. 213, 217-218 (2004); see also Meeker v. Commissioner, T.C. Memo. 2005-146.

Petitioner failed to address respondent's self-employment tax determination, other than to assert frivolous and groundless arguments.  Accordingly, application of self-employment tax is computational.

[2]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]  Under Rule 91(f), respondent moved the Court to issue an order requiring petitioner to show cause why the facts and evidence set forth in respondent's proposed stipulation of facts should not be accepted as established for purposes of this case. The Court granted respondent's motion and ordered petitioner to file a response in compliance with Rule 91(f)(2).  Although petitioner filed a response, the Court found it evasive and not fairly directed to respondent's proposed stipulation of facts and as a result granted respondent's motion.

incorporated herein by this reference. Petitioner resided in Arizona when he filed his petition.

During 2004 petitioner was an "Independent Business Owner" of Ameriplan Corp. Independent Business Owners are direct marketing sales representatives of Ameriplan Corp. and sell its provider access plans (i.e., discount medical and related services). Independent Business Owners receive payments based on their direct sales of provider access plans and on sales generated by other Independent Business Owners recruited for that purpose. In addition, Independent Business Owners receive incentive awards (e.g., cash, prizes, or discounts) for meeting certain goals. In 2004 petitioner received nonemployee compensation of $5,811 and incentive awards of $522 from Ameriplan Corp.

During 2004 petitioner also worked for KLA-Tencor Corp. providing consulting services. In 2004 he received nonemployee compensation of $84,211 from KLA-Tencor Corp.

Each corporation issued to petitioner a Form 1099-MISC, Miscellaneous Income, reporting the nonemployee compensation it paid him. In addition, Ameriplan Corp. reported the incentive awards it paid to petitioner as other income on a Form 1099-MISC. Petitioner admits that he received the Forms 1099-MISC.

Petitioner submitted to respondent a Form 1040, U.S. Individual Income Tax Return, and attached "corrected" Forms 1099-MISC that reflected nonemployee compensation of zero.

Respondent did not accept petitioner's Form 1040 as filed because he determined that it was frivolous and invalid for processing purposes. Respondent prepared a substitute for return for petitioner for 2004.[4] Respondent determined that petitioner received nonemployee compensation of $84,211 and $5,811 from KLA-Tencor Corp. and Ameriplan Corp., respectively, incentive awards of $522 from Ameriplan Corp., and interest income of $1,681. Respondent also determined that petitioner is liable for additions to tax under section 6651(a)(1) of $6,654.83, section 6651(a)(2) of $4,288.67, and section 6654(a) of $858.54; that petitioner is liable for self-employment tax of $12,793; and that petitioner is liable for a deficiency in Federal income tax of $29,577. Respondent further determined that petitioner is subject to a penalty under section 6702(a)(1) with respect to the Form 1040 that he submitted to respondent.[5]

Petitioner has sent respondent volumes of correspondence. Therein petitioner asserts, among other arguments, that compensation for labor is not "taxable according to the IRS Code

---

[4] The substitute for return meets the requirements of sec. 6020(b).

[5] The sec. 6702(a)(1) penalty is not before the Court. See sec. 6703(b).

or the Supreme Court." He also alleges fraudulent and criminal acts by respondent's employees.

Respondent represents that he advised petitioner that petitioner's arguments were frivolous and warned petitioner the Court might impose a penalty under section 6673(a)(1).

At trial the Court also advised petitioner that his arguments were frivolous and warned him that the Court might impose a penalty under section 6673(a)(1) if he continued to assert such arguments. Undeterred, petitioner submitted a posttrial brief in which he asserts, among other arguments, that his earnings are not taxable income because earnings are not profits or gains from some "federally privileged activity" and therefore "he is not a taxpayer" as defined by section 7701(a)(14). Thereafter, petitioner submitted a motion to dismiss the deficiency and penalties with prejudice (motion to dismiss) wherein he alleges fraud by respondent and the Court's complicity therein and asserts the same frivolous arguments about his income, among other arguments.[6]

---

[6] Petitioner also filed a pretrial memorandum and six other motions with the Court that contain similar frivolous and groundless arguments and allegations of fraud.

- 6 -

## Discussion

### I.  Deficiency in Federal Income Tax

Since petitioner has failed to introduce credible evidence and is deemed to have stipulated receipt of the items listed on the information returns (i.e., Forms 1099-MISC), sections 6201(d) and 7491(a) do not apply.  See Rhodes v. Commissioner, T.C. Memo. 2005-184.

Section 61(a)(1) defines gross income as all income from whatever source derived, including compensation for services.  In addition, section 74(a) provides that the term "gross income" includes amounts received as prizes and awards.

Petitioner is deemed to have stipulated that he received nonemployee compensation from KLA-Tencor Corp. and Ameriplan Corp. and that he received the incentive awards from Ameriplan Corp.  He disputes, however, whether those items are gross income.

Petitioner advances shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986).  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737

F.2d 1417, 1417 (5th Cir. 1984). Accordingly, we sustain respondent's deficiency determination.

II.  Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes the Court to impose a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceeding or instituted or maintained the proceeding primarily for delay.

Petitioner was warned by respondent and the Court that his arguments were frivolous and that if he continued to advance them, he could be subject to a penalty of up to $25,000.  Even after receiving these repeated warnings, he continued to advance frivolous and groundless arguments in his posttrial brief and motion to dismiss.  We conclude that petitioner's position was frivolous and groundless and that he instituted and maintained these proceedings primarily for delay.  Accordingly, we shall grant respondent's motion for a penalty and require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1) of $5,000.  We also warn petitioner that we will consider imposing a larger penalty if he returns to the Court and advances frivolous or groundless arguments in the future or institutes or maintains any proceeding primarily for delay.

To reflect the foregoing,

An appropriate order and decision will be entered.