T.C. Summary Opinion 2010-112

UNITED STATES TAX COURT

JAMES ALLEN GREGOLINE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12751-08S.                Filed August 10, 2010.

James Allen Gregoline, pro se.

<u>Bryan E. Sladek</u> and <u>Robert D. Heitmeyer</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,564 in petitioner's 2005 Federal income tax and an addition to tax of $1,098.88 under section 6651(a)(1) for late filing of the 2005 Federal income tax return. The issues for decision are whether for 2005 petitioner: (1) Is entitled to deduct $84,101 in unreimbursed employee business expenses; (2) may exclude his wages of $100,463 from gross income; and (3) is liable for the $1,098.88 addition to tax for late filing of his 2005 Federal income tax return.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in California when he filed his petition.

In 2005 petitioner maintained his job as a "Journeyman Engineer - Picture Editorial, Production Dept., Union 41 - IATSE", for Twentieth Century Fox Film in California, earning $100,463. He had held the job for many years before 2005 and continued in the employment through the close of the record. Petitioner received only two other items of income in 2005: $15 of miscellaneous income from Global Entertainment Partners and $35 of interest from 20th Century Fox Federal Credit Union. Twentieth Century Fox withheld $13,364 of Federal income tax from

petitioner's 2005 wages.  By the end of 2005 petitioner was divorced, but his ex-wife was still living with him.

Marga M. A. Bakker, who had been preparing petitioner's income tax returns since 1999, is a self-employed tax return preparer.  On petitioner's behalf for 2005, she timely filed a Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, securing for petitioner a 6-month extension of time to file his 2005 Federal income tax return.

Ms. Bakker also prepared petitioner's 2005 Federal income tax return.  She dated her combined cover letter and invoice to petitioner as October 13, 2006, billing him a total fee of $349, and electronically filed the return on October 16, 2006.  Petitioner's 2005 Federal income tax return accurately reported the three income items noted above totaling $100,513 of gross income.  The return also reflected $87,528 in net itemized deductions, consisting of $5,437 in State and local taxes, $84,101 in unreimbursed employee business expenses, and a reduction of $2,010 in the unreimbursed employee business expenses to incorporate the section 67(a) floor on miscellaneous itemized deductions of 2 percent of adjusted gross income.

Petitioner's regular and alternative minimum taxes totaled $15,668.  After application of petitioner's withholding of $13,364 and a self-computed estimated tax penalty of $33, the

return reported a balance due of $2,337.  On March 16, 2007, the IRS received payment in full of $2,572.60 from petitioner for the balance due plus associated penalties and interest.  An abbreviated IRS schedule of payments indicates that petitioner had also made prior payments toward balances due from 2003 and 2004.

The IRS selected petitioner's 2005 Federal income tax return for examination.  On a Form 4549-EZ, Income Tax Examination Changes, dated February 19, 2008, Revenue Agent J. Ewert proposed disallowing all of petitioner's $84,101 in unreimbursed employee business expenses.  Agent Ewert did not provide a reason on the form for the disallowance.  Because of mathematical adjustments to the alternative minimum tax, the net impact of the adjustment was a proposed Federal income tax deficiency for 2005 of $4,564.

Agent Ewert further ascertained that the extended due date for filing the return was October 15, 2006, and because petitioner filed his return on October 16, 2006, the filing was 1 day late.  Consequently, Agent Ewert proposed a $1,098.88 addition to tax under section 6651(a)(1) for petitioner's late filing of his 2005 Federal income tax return.

In a notice of deficiency respondent determined a deficiency of $4,564 and an addition to tax for late filing of $1,098.88. The notice of deficiency included a copy of the Form 4549-EZ that Agent Ewert had prepared.

Petitioner timely petitioned this Court. He wrote that the addition to tax is incorrect because "I did file my 2005 return with the help of a C.P.A." Moreover, with respect to the unreimbursed employee business expenses, petitioner wrote:

> In 2005, I worked as a union employee and a weekly-hire for Twentieth Century Fox Filmed Entertainment. During that year I worked on twenty-one movies, in multiple cities, in the United States, Hungary and Australia. On each movie I worked a variety of jobs, from on-set during filming to off-set in the cutting rooms and also in the labs. Because of the competetive [sic] nature of my business and it's [sic] ever changing technologies, I frequently attend trade shows, go to schools for certified training, own and upgrade my own equipment, and frequently attend business meals. I also travel extensively and have a home office. I am a member of the Motion Picture Editors Guild - Local 700. And, if it pleases the court, I can provide to them a copy of my 2005 itemized deductions.

Accordingly, this case appeared to be a straightforward substantiation matter. However, petitioner subsequently adopted a new posture, that his earnings are excludable from gross income. The contents of a letter dated November 4, 2008, from Twentieth Century Fox to the IRS may have motivated petitioner's change in tack. In response to an inquiry from the IRS, Twentieth Century Fox informed the IRS that

> It is the policy of Twentieth Century Fox to reimburse all ordinary, necessary, and reasonable expenses associated with employment which includes, and may not be limited to, travel, meals, lodging, and mileage. For actors, directors, and writers, certain expenses may be negotiated per contract and reimbursement made accordingly. The earnings reported to James Gregoline on the 2005 W-2 form, consists of payments for work or services performed for that period.

Building on his income exclusion theory, petitioner sent to the IRS, among numerous other documents: (1) Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.; (2) Form 1040X, Amended U.S. Individual Income Tax Return; (3) Form 843, Claim for Refund and Request for Abatement; and (4) Form SSA-7008, Request for Correction of Earnings Record. Through these forms, petitioner asserted, respectively, that: (1) His compensation from Twentieth Century Fox for 2005 was zero; (2) he had zero income and zero itemized deductions for 2005 and is therefore entitled to a refund of all the Federal income tax that he paid and which Twentieth Century Fox withheld for 2005; (3) he is also entitled to a refund of all the Social Security and Medicare taxes that he paid for 2005; and (4) his correct earnings for Social Security purposes for each year 2006, 2007, and 2008 were zero.

The IRS accepted none of these documents and after several back and forth discussions and correspondence issued a letter dated April 10, 2009, alerting petitioner in bold print that "section 6702 imposes a $5,000 penalty for the filing of a frivolous tax return or purported return. We are proposing a $5,000 penalty per return based on your filing a frivolous tax return(s) or purported tax returns(s)." The letter gave

petitioner 30 days to file a corrected return for 2005. Petitioner noted that he had received similar warnings from the IRS for each year 2002 through 2007.  The letter for 2005 stated that the IRS would not respond to any future correspondence from petitioner that asserted a frivolous position.  Petitioner considered the letter "harassment" and believed that by not complying with his refund requests, the IRS was "violating my constitutional rights."

Unbowed, petitioner submitted a new Form 1040X for 2005, reporting adjusted gross income of $50 and a standard deduction of $5,000 and requesting a refund of $22,974, consisting of the payments he made for 2005 of $15,937 in Federal income tax and $7,037 in Social Security and Medicare taxes.  The IRS did not accept or respond to this form.  Nonetheless, respondent did not assert a penalty under section 6702 or any other section for petitioner's frivolous arguments, voluminous submissions, and delay tactics with respect to 2005.

Petitioner filed a motion with the Court to dismiss his case for lack of jurisdiction because he contends, in main part, that under the Constitution his "earnings do not constitute taxable income."  The Court denied petitioner's motion.

## Discussion

### I. Burden of Proof With Respect to Factual Matters

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a) the burden may shift to the Commissioner regarding factual matters if the taxpayer produces credible evidence and meets the other requirements of the section. Petitioner has neither produced credible evidence nor established his compliance with the other requirements of section 7491(a). Petitioner therefore bears the burden of proof regarding factual matters.

### II. Petitioner's Unreimbursed Employee Business Expenses

Deductions are a matter of legislative grace, and taxpayers have the burden to satisfy the statutory requirements for claiming the deductions. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 6001 requires taxpayers to maintain records sufficient to establish the amount of each deduction. See also Ronnen v. Commissioner, 90 T.C. 74, 102 (1988); sec. 1.6001-1(a), (e), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses that they pay in connection with operating a trade or business. Sec.

162(a); <u>Boyd v. Commissioner</u>, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. <u>Primuth v. Commissioner</u>, 54 T.C. 374, 377 (1970). For these types of expenses to be deductible the taxpayer must not have the right to obtain reimbursement from his employer. See <u>Orvis v. Commissioner</u>, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533; <u>Lucas v. Commissioner</u>, 79 T.C. 1, 7 (1982). We now apply the law to the present facts and circumstances.

Petitioner initially pleaded that his unreimbursed employee business expenses were bona fide and substantiated. However, petitioner abandoned that theory, instead alleging that Ms. Bakker concocted the deductions and therefore he did not pay her fee and he never signed or authorized the electronic submission of his 2005 Federal income tax return. Petitioner wrote in his pretrial memorandum that "I had no itemized deductions to take" and "no source of income to take them from", and in summary, the deductions "did not exist".

We do not need to and we explicitly do not make a finding as to the reasons for petitioner's change in legal arguments. As respondent correctly noted, petitioner has simply not substantiated any of the $84,101 in unreimbursed employee business expenses that he deducted on his 2005 Federal income tax

return.  Further, petitioner has explicitly conceded that his itemized deductions for 2005 "did not exist".

For the foregoing reasons, we sustain respondent's disallowance of all of petitioner's $84,101 in unreimbursed employee business expenses for 2005.

III.  Whether Petitioner's 2005 Compensation is Includable in Gross Income

"Taxes are what we pay for civilized society," as Justice Oliver Wendell Holmes of the Supreme Court of the United States famously observed.  Compania General de Tabacos de Filipinas v. Collector, 275 U.S. 87, 100 (1927).  Petitioner argues the opposite; namely that his payment of taxes interferes with his "inalienable rights of life liberty and the pursuit happiness, protected by the constitution [sic]."  We abide by Justice Holmes' view and note that "'the greatness of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment.'"  May v. Commissioner, 752 F.2d 1301, 1305 (8th Cir. 1985) (quoting Hatfield v. Commissioner, 68 T.C. 895, 899 (1977)).

Gross income includes all income from whatever source derived, including compensation for services.  Sec. 61(a)(1). Petitioner offers unoriginal, tired, and meritless tax-protester type arguments that this and other courts have universally rejected.  See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir.

1988),[1] affg. T.C. Memo. 1987-225; <u>Bigley v. Commissioner</u>, T.C. Memo. 2010-29. We will not dignify petitioner's arguments "with somber reasoning and copious citations of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). Consequently, we sustain respondent's determination by holding that petitioner's 2005 compensation from Twentieth Century Fox is includable in gross income.

IV. <u>Addition to Tax Under Section 6651(a)(1) for Petitioner's Purported Late Filing of His 2005 Federal Income Tax Return</u>

With respect to penalties and additions to tax, the Commissioner bears the burden of production. Sec. 7491(c); Rule 142(a); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). To satisfy this burden, the Commissioner must present "sufficient evidence indicating that it is appropriate to impose the relevant penalty" or addition to tax. <u>Higbee v. Commissioner</u>, <u>supra</u> at 446.

In the notice of deficiency respondent determined that petitioner is liable for the addition to tax under section 6651(a)(1) for late filing of his return because petitioner filed his return on October 16, 2006, 1 day after the extended due date of October 15, 2006. Petitioner contends that the IRS'

---

[1]If this case were appealable, the appeal would lie in the Court of Appeals for the Ninth Circuit.

determination of the addition to tax for delinquent filing is "incorrect".

We begin our analysis by noting that timely submission of Form 4868 provides individual taxpayers with "an automatic 6-month extension of time to file the return after the date prescribed for filing the return". Sec. 1.6081-4T(a), Temporary Income Tax Regs., 70 Fed. Reg. 67359 (Nov. 7, 2005). Therefore, in the ordinary course of events, the extended due date for filing a 2005 individual Federal income tax return was October 15, 2006.

However, October 15, 2006, fell on a Sunday. Section 7503 provides that when the due date of a prescribed act under the Code falls on a Saturday, Sunday, or legal holiday, performance of the act is considered timely if it is performed on the next business day. Applying section 7503, petitioner had until the end of the next business day, Monday, October 16, 2006, to timely file his 2005 Federal income tax return.

Respondent has conceded that petitioner filed his return on October 16, 2006. Therefore, we hold that petitioner timely filed his 2005 Federal income tax return, and that respondent's determination that petitioner is liable for the addition to tax for late filing under section 6651(a)(1) is erroneous.

## V.  Penalty for Frivolous Submissions

Petitioner claimed deductions to which he was not entitled and later switched to tax-protester type arguments that his wages were not includable in income.  In addition to the penalties or additions to tax that the Commissioner may determine, the Court may on its own separately impose an additional penalty not in excess of $25,000 when it appears that a taxpayer has instituted or maintained proceedings primarily for delay or that the taxpayer's position in a proceeding is frivolous or groundless.  Sec. 6673(a)(1).  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because the taxpayer should have known that the claim was frivolous).  The Court has discretion in deciding whether to impose the penalty.  See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 102 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

Petitioner is a shrewd person, works for a prestigious film company, and earns a good livelihood.  He had no need for his vacuous theories, nasty comportment, and voluminous submissions.  Petitioner delayed payment of his own tax, and he irresponsibly wasted many judicial and administrative resources that could have

been better devoted to resolving bona fide claims of other taxpayers. We could not, however, find a prior warning by any court to this particular petitioner. Therefore, though it is a close call, we decline to impose a penalty under section 6673(a)(1). However, as sternly as words can express, we rebuke petitioner and warn him that should he advance these or similar arguments in the future, or if he institutes or maintains a proceeding primarily for delay, he may be subject to a penalty under section 6673(a)(1). See Wolf v. Commissioner, 4 F.3d 709, 716 (9th Cir. 1993) (affirming the Tax Court's section 6673 sanction where the Commissioner had forewarned the taxpayer against litigating frivolous or groundless positions), affg. T.C. Memo. 1991-212.

VI. Conclusion

We have considered all of the other arguments made by petitioner, and to the extent that we have not specifically addressed them, we conclude that those arguments are without merit, irrelevant, or moot.

- 15 -

To reflect our disposition of the issues,

Decision will be entered

for respondent with respect to

the deficiency and for

petitioner with respect to the

addition to tax under section

6651(a)(1).