T.C. Memo. 2012-192

UNITED STATES TAX COURT

CLAYTON KRAMER AND VICKIE KRAMER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23732-09.                    Filed July 12, 2012.

Clayton and Vickie Kramer, pro se.

<u>Mark J. Tober</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  In a notice of deficiency dated July 6, 2009, respondent

determined a deficiency in petitioners' 2007 Federal income tax of $2,533.

Respondent, in his answer and pursuant to section 6214(a),[1] affirmatively alleged that petitioners are liable for a section 6662(a) accuracy-related penalty of $507. After concessions by the parties,[2] the issues for decision are: (1) whether petitioners are liable for the deficiency in Federal income tax for 2007, and (2) whether they are liable for the accuracy-related penalty under section 6662(a).

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Florida when the petition was filed.

During 2007 Mrs. Kramer worked part time for Beall's Corp. (Beall's) and for the St. Johns County School District (school district). Beall's paid Mrs. Kramer $8,288 for the work she performed, and the school district paid her $10,393. In addition to withholding Social Security and Medicare taxes,

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code (Code) in effect for 2007, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]After issuing the notice of deficiency, respondent conceded $183 of retirement income proposed in the notice. Petitioners conceded an additional $156 of taxable dividends and $2,192 of passive income by reporting these amounts in an amended return.

Beall's and the school district withheld $168 and $392, respectively, in Federal income taxes.

Mr. Kramer also worked during 2007. He worked full time for Azalea Bioenergy Co. (Azalea), which paid him $7,500 for the work he performed and withheld Social Security and Medicare taxes and $840 in Federal income tax.

Petitioners timely filed a Federal income tax return for 2007. On their return petitioners reported $19 of interest income, $79 of dividend income, and $10,857 of passive income from Motherwell Corp., a subchapter S corporation. Petitioners reported zero wages, zero taxable income, and a zero tax liability.

Despite receiving information returns from their respective employers, petitioners attached to their return a self-prepared Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for each employer. On the Forms 4852 petitioners reported withholdings for Federal income, Social Security, and Medicare taxes; however, they reported zero wages, tips, and other compensation.

Petitioners subsequently filed an amended Federal income tax return for the 2007 tax year in April 2009. On their amended return petitioners reported an

additional $156 of dividend income and $2,192 of passive income. Again petitioners reported a zero tax liability.

In July 2009 respondent sent petitioners a notice of deficiency. Respondent determined that petitioners received, but failed to report, taxable wages of $7,500, $8,288, and $10,393, from Azalea, Beall's, and the school district, respectively.[3] As a result, respondent determined that petitioners were liable for a deficiency in Federal income tax, and, in his answer, alleged that petitioners were also liable for an accuracy-related penalty.

## Discussion

### I. Burden of Proof

Generally, the taxpayer bears the burden of proving that the Commissioner's deficiency determinations are incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof, however, shifts to the Commissioner if the taxpayer introduces credible evidence regarding relevant factual issues and meets certain statutory requirements. Sec. 7491(a).

---

[3]In the notice of deficiency respondent determined that petitioners also received an additional $156 of taxable dividends, $2,192 of passive income, and $183 of retirement income. As stated above, respondent conceded the latter, and petitioners, by reporting the additional dividends and passive income on their amended return, conceded the former.

Petitioners claim that their tax returns are credible evidence that shifts the burden of proof to respondent under section 7491. Specifically petitioners assert that their tax returns present "sworn facts" that prove they reported all taxable income received during 2007.

Credible evidence is defined as "the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted". Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (citing H.R. Conf. Rept. No. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995). A tax return, however, is merely a statement of the taxpayer's claim. See Roberts v. Commissioner, 62 T.C. 834, 837 (1974); see also Burien Nissan, Inc. v. Commissioner, T.C. Memo. 2001-116, aff'd, 75 Fed. Appx. 652 (9th Cir. 2003). It is not presumed correct, see Roberts v. Commissioner, 62 T.C. at 837, and, consequently is not credible evidence within the meaning of section 7491.

Indeed, petitioners' stipulation of facts renders section 7491 inapplicable. Petitioners stipulated that they received payments from their respective employers in the amounts set forth in the notice of deficiency.[4] And yet, they reported zero

---

[4]In an attempt to avoid these stipulations petitioners now assert that they have "consistently disputed receiving unreported income". Rule 91(e) provides that

(continued...)

wages on their tax returns. Their dispute, therefore, is not with the relevant factual issues, i.e., that they received payments from their employers, but rather with whether such payments are taxable income. Since the facts are not in dispute, section 7491 does not apply. See, e.g., Rhodes v. Commissioner, T.C. Memo. 2005-184.

Similarly, petitioners assert that respondent has the burden of production under section 6201(d) with respect to verifying payments reported on the information returns their employers filed. Petitioners maintain that the information returns are hearsay and are not admissible to show that they received unreported income. The information returns, however, were not offered into evidence and, by definition, are not hearsay under rule 801(c) of the Federal Rules of Evidence. Section 6201(d) is therefore inapplicable. See Rhodes v. Commissioner, T.C. Memo. 2005-184.

---

[4](...continued)
a stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the Court or agreed upon by those parties. Petitioners, relying solely on their tax returns, do not offer any evidence showing that they did not receive unreported income. In fact, their Forms 4852, which list withholdings for Federal income, Social Security, and Medicare taxes, indicate the contrary--i.e., that petitioners received payments from their respective employers. Petitioners, therefore, have not shown any error in the stipulations or any reason for relief therefrom.

II.  Income Tax Deficiency

Respondent determined that petitioners are liable for a Federal income tax deficiency for failing to report wages received from their respective employers during 2007.  Petitioners do not dispute that Azalea paid Mr. Kramer $7,500 for work he performed in 2007, and that Beall's and the school district paid Mrs. Kramer $8,288 and $10,393, respectively, for work she performed in 2007. Moreover, on brief, petitioners do not dispute that wages are income.  Rather, they claim that "income" is not defined in the Code and the payments made to them are not "gross income".

Section 61(a)(1) defines gross income as all income from whatever source derived, including compensation for services, such as wages, salaries, and bonuses. See also sec. 1.61-2(a)(1), Income Tax Regs.  Petitioners' employers paid them for work they performed during 2007.  These payments are wages and, pursuant to section 61(a), should have been reported on petitioners' returns as gross income.

Petitioners' assertion to the contrary, that is, the payments made to them are not gross income, is frivolous and characteristic of rhetoric that has been universally rejected by this and other courts.  See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), aff'g T.C. Memo. 1987-225.  Indeed it is well settled that wages are

taxable income and should be reported as such. See, e.g., Hyslep v. United States, 765 F.2d 1083 (11th Cir. 1985). The Court need not address petitioners' assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); Wnuck v. Commissioner, 136 T.C. 498 (2011). Accordingly, with the exception of the amounts conceded by the parties, the Court sustains respondent's deficiency determination for 2007.

III. Accuracy-Related Penalty

Under section 6214(a) the Court has jurisdiction to consider a claim by the Commissioner for an increased deficiency and penalties asserted at or before the hearing or a rehearing. See, e.g., Ferrill v. Commissioner, 684 F.2d 261, 265 (3d Cir. 1982), aff'g T.C. Memo. 1979-501; see also Estate of Quick v. Commissioner, 110 T.C. 172, 180 (1998). In general, the purpose of section 6214(a) is to provide the taxpayer with an opportunity to answer and resist the claim before it is considered by the Court. Ferrill v. Commissioner, 684 F.2d at 265.

In his answer respondent asserted that an accuracy-related penalty pursuant to section 6662(a) should be assessed. Petitioners therefore received an opportunity to address respondent's additional claim for an accuracy-related penalty, but chose not

to file a reply. Where a reply is not filed, the affirmative allegations in the answer will be deemed denied. Rule 37(c). Accordingly, pursuant to section 6214(a), the Court has jurisdiction over respondent's affirmative allegation in his answer that petitioners are liable for an accuracy-related penalty under section 6662(a).

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties. See Higbee v. Commissioner, 116 T.C. at 446. Taxpayers may, however, avoid the penalty by establishing that they acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448.

Section 6662(a) and (b)(1) provides that a taxpayer is liable for a 20% accuracy-related penalty on any part of an underpayment attributable to, among other things, negligence or disregard of rules or regulations. An underpayment is defined as the amount by which any tax imposed exceeds the sum of the amount shown as tax by the taxpayer on his return, plus any amounts of tax previously assessed, over the amount of any rebates made. Sec. 6664(a). Negligence includes any failure to make a reasonable attempt to comply with the law. Sec. 6662(c); sec.

1.6662-3(b)(1), Income Tax Regs.  Disregard of rules or regulations includes any careless, reckless, or intentional disregard.  Sec. 1.6662-3(b)(2), Income Tax Regs.

Petitioners reported a zero tax liability on their original and amended tax returns for 2007.  However, petitioners received taxable wage income from their respective employers in 2007 and, as discussed above, were liable for Federal income taxes on their wages.  Petitioners therefore had an underpayment within the meaning of section 6662(a).

Petitioners do not dispute that they worked during 2007 and that they received payments from their respective employers in the amounts set forth in the notice of deficiency.  In fact, petitioners acknowledge that they received information statements from their employers reporting these payments, but, instead of relying on these statements, they attached to their return Forms 4852 that reported zero wages.

As discussed above, it is well settled that wages are taxable income and should be reported as such.  See, e.g., Hyslep, 765 F.2d 1083.  Petitioners' position to the contrary demonstrates not only a failure to reasonably comply with the Code, but also negligence and a clear disregard of the rules and regulations.  Petitioners did not act with reasonable cause and in good faith.  Accordingly, the Court holds

that petitioners are liable for the accuracy-related penalty under section 6662(a) for tax year 2007.

Section 6673(a) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless. As discussed above, petitioners' claim that the payments they received from their employers are not taxable wage income is frivolous and groundless. While a section 6673 penalty is not appropriate at this time, the Court warns petitioners that continuing to advance frivolous or groundless arguments may result in penalties in the future.

The Court has considered the parties' arguments and, to the extent not addressed herein, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.